**Rodney FLETCHER, Plaintiff–Appellee,**

v.

**Lynne KALINA, Defendant–Appellant.**

No. 95–36129.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 7, 1996.

Decided Aug. 22, 1996.

---

John W. Cobb, Senior Deputy Prosecuting Attorney, King County Prosecuting Attorney's Office, Seattle, Washington, for defendant-appellant.

Timothy K. Ford; Robert S. Mahler, MacDonald, Hoague & Bayless, Seattle, Washington; Brady R. Johnson, Seattle, Washington, for plaintiff-appellee.

Before: WRIGHT, BEEZER and O'SCANNLAIN, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

We must decide whether a state prosecutor who allegedly made false statements in an affidavit supporting an application for a search warrant should be accorded absolute immunity. We hold that, based on *Malley v. Briggs*, 475 U.S. 335, 342, 106 S.Ct. 1092, 1096–97, 89 L.Ed.2d 271 (1986) and the functional analysis test, the prosecutor is not entitled to absolute immunity. We affirm and remand.

## BACKGROUND:

■ In determining immunity, we must accept the plaintiff's allegations as true. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 261, 113 S.Ct. 2606, 2609, 125 L.Ed.2d 209 (1993). Lynne Kalina, a deputy prosecutor, was assigned to work on a case involving alleged theft of computer equipment from a private school in Seattle. She prepared an application for an arrest warrant and an information charging Rodney Fletcher with second-degree burglary. The warrant application was accompanied by a "Certification for Determination of Probable Cause," a sworn declaration describing the results of the police investigation. Based on this document, which she signed, the court issued an arrest warrant for Fletcher. The burglary charge was eventually dismissed when Fletcher's attorney discovered inaccuracies in the certification.

Fletcher brought a 42 U.S.C. § 1983 claim against Kalina in federal district court alleging civil rights violations. He contends that the certification contained information that Kalina knew or should have known was false. First, it said that Fletcher "has never been associated with the school in any manner and did not have permission to enter the school or to take any property." Fletcher alleged that he had been hired by the school to install the glass partition on which his prints were found and that he had permission to enter the school. Second, the certification said that an electronics store employee identified Fletcher as the man who attempted to sell him computer equipment from the school. Fletcher contended that police reports indicated that no witness had identified him as a suspect although two were shown photo montages.

Upon a motion for summary judgment, the district court denied Kalina absolute immunity and held that qualified immunity was a question of fact to be determined at trial. This interlocutory appeal followed. *See Nixon v. Fitzgerald*, 457 U.S. 731, 742, 102 S.Ct. 2690, 2697, 73 L.Ed.2d 349 (1982); 28 U.S.C. § 1291. We review de novo. *Jesinger v. Nevada Fed. Credit Union*, 24 F.3d 1127, 1130 (9th Cir.1994).

## ANALYSIS:

■ Whether a state prosecutor is entitled to absolute or qualified immunity for her actions in procuring an arrest warrant is an issue of first impression in this circuit. In *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), the Supreme Court first considered absolute immunity for prosecutors. The Court recognized that the prosecutor's job is both difficult and essential. It noted that the "office of public prosecutor is one which must be administered with courage and independence. Yet how can this be if the prosecutor is made subject to suit by those whom he accuses and fails to convict?" *Id.* at 422–24, 96 S.Ct. at 991–92. The Court held that prosecutors were absolutely immune from prosecution for their actions during the initiation of a criminal case and its presentation at trial. The Court described these functions as "intimately associated with the judicial phase of the criminal process." *Id.* at 430, 96 S.Ct. at 995.

■ The Court later explicitly held that when prosecutors perform administrative or investigative, rather than advocatory, functions they do not receive absolute immunity. *See Burns v. Reed,* 500 U.S. 478, 494–96, 111 S.Ct. 1934, 1943–45, 114 L.Ed.2d 547 (1991). To determine whether an action is administrative/investigative or advocatory, we apply a "functional" analysis. *See id.* at 486, 111 S.Ct. at 1939. We look at "the nature of the function performed, not the identity of the actor who performed it." *Forrester v. White,* 484 U.S. 219, 229, 108 S.Ct. 538, 545, 98 L.Ed.2d 555 (1988). It follows that, "the actions of a prosecutor are not absolutely immune merely because they are performed by a prosecutor." *Buckley v. Fitzsimmons,* 509 U.S. 259, 273, 113 S.Ct. 2606, 2615, 125 L.Ed.2d 209 (1993).

Since *Imbler,* the Court has addressed prosecutorial immunity in two cases. In *Burns,* 500 U.S. at 487, 111 S.Ct. at 1939–40, it held that a prosecutor is absolutely immune for his conduct in presenting evidence at a probable-cause hearing for a search warrant, but is not absolutely immune when giving legal advice to the police on whether they have probable cause to arrest. The Court reasoned that appearing in court and presenting evidence were "clearly" advocatory. *Id.* at 491, 111 S.Ct. at 1941–42. It did not believe, however, that advising the police on whether they could hypnotize a witness and whether they had probable cause to arrest was so closely associated with the judicial process that it required absolute immunity. *Id.* at 493, 111 S.Ct. at 1943. The Court emphasized that "[t]he presumption is that qualified rather than absolute immunity is sufficient to protect government officials in the exercise of their duties." *Id.* at 486–87, 111 S.Ct. at 1939.

In *Buckley,* 509 U.S. at 273, 113 S.Ct. at 2615–16, the Court held that a prosecutor is not absolutely immune when he allegedly fabricates evidence during the investigation by retaining a dubious expert witness. The Court reasoned that, because the prosecutor did not yet have probable cause to arrest at the time he was shopping for an expert wit-

ness, the function was investigative, not advocatory.[1] The Court commented that:

> There is a difference between the advocate's role in evaluating evidence and interviewing witnesses as he prepares for trial, on the one hand, and the detective's role in searching for the clues and corroboration that might give him probable cause to recommend that a suspect be arrested, on the other hand. When a prosecutor performs the investigative functions normally performed by a detective or police officer, it is "neither appropriate nor justifiable that, for the same act, immunity should protect the one and not the other."

*Id.* (citation omitted).

The Supreme Court has never addressed whether a prosecutor is absolutely immune for conduct in obtaining a search warrant. In *Malley v. Briggs,* 475 U.S. 335, 342, 106 S.Ct. 1092, 1096–97, 89 L.Ed.2d 271 (1986), however, the Court held that a *police officer* who secures an arrest warrant without probable cause cannot assert an absolute immunity defense.

The officer made two arguments, both rejected by the Court. He analogized himself to a complaining witness who files a certification. *Id.* at 340, 106 S.Ct. at 1095–96. The Court found this argument unavailing because complaining witnesses were not absolutely immune at common law. *Id.* at 340, 106 S.Ct. at 1095–96. The officer next argued that his action was similar to a prosecutor seeking an indictment, a function that merits absolute immunity. The Court also rejected this argument, reasoning that the officer's actions were "further removed from the judicial phase of criminal proceedings...." *Id.* at 342–43, 106 S.Ct. at 1097.

■ Relying on *Malley* and *Buckley,* we hold that a prosecutor is not absolutely immune when preparing a declaration in support of an arrest warrant. *See also Kohl v. Casson,* 5 F.3d 1141, 1146 (8th Cir.1993) ("the function of seeking an arrest warrant is subject only to qualified immunity, not absolute immunity."). Kalina's actions in writing, signing and filing the declaration for an ar-

---

1. The Court also held that the prosecutor's allegedly false statements during a press conference were not protected by absolute immunity because the comments had no direct tie to the judicial process and because out-of-court statements to the press were not absolutely immune at common law. *See Buckley,* 509 U.S. at 276–78, 113 S.Ct. at 2617–18.

rest warrant are virtually identical to the police officer's actions in *Malley*.[2]

Kalina argues that it is "standard practice" in King County for the prosecutor to prepare the certification, but the local rules do not limit who may prepare it. *See* Wash. Superior Ct. Cr. R. 2.2(a). If a police officer or complaining witness had filed the same certification, she or he would not receive absolute immunity. *See Malley*, 475 U.S. at 340–41, 106 S.Ct. at 1095–96. To hold that Kalina is absolutely immune for performing the same task would be inconsistent with the Court's functional analysis.

We note that the Sixth Circuit reached a different result when faced with a prosecutor's use of allegedly false, coerced statements to obtain an arrest warrant. In *Joseph v. Patterson*, 795 F.2d 549, 555 (6th Cir.1986), *cert. denied*, 481 U.S. 1023, 107 S.Ct. 1910, 95 L.Ed.2d 516 (1987), the court held that the "decision to file a criminal complaint and seek issuance of an arrest warrant are quasi-judicial duties involved in 'initiating a prosecution,' which is protected under *Imbler*."[3] In light of more recent Supreme Court law and the Eighth Circuit's opinion in *Kohl*, we decline to follow the Sixth Circuit. *Joseph* was issued before the Supreme Court decided *Buckley*, which emphasized that it would be "incongruous" to expose police to potential liability while protecting prosecutors for the same act. Moreover, although decided shortly after *Malley*, the opinion does not consider that case in deciding whether seeking an arrest warrant merits absolute immunity.

Finally, Kalina argues that policy concerns dictate a finding of absolute immunity. Absolute immunity serves a vital public interest by protecting prosecutors from distracting and time-consuming litigation. The Supreme Court, however, has made it clear that qualified immunity is generally sufficient to protect against frivolous lawsuits. The district court explicitly noted that qualified immunity was a question of fact in this case. We emphasize that Kalina may be able to avoid liability by showing at trial that her conduct did not violate a clearly established right of which a reasonable person would have known. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). The Supreme Court has noted that "[a]s the qualified immunity defense has evolved, it provides ample protection to all but the plainly incompetent or those who knowingly violate the law." *Malley*, 475 U.S. at 341, 106 S.Ct. at 1096.

### CONCLUSION:

Kalina is not absolutely immune for her actions in filing a declaration for an arrest warrant. We AFFIRM the denial of summary judgment and REMAND for further proceedings.

---

**2.** We are not persuaded by Kalina's argument that *Malley* can be distinguished based upon the time the declaration was filed. She argues that Officer Malley filed his declaration early in the case, which made his action investigatory. She contends that her declaration was filed later, making it an advocatory act. In *Malley*, 475 U.S. at 337, 106 S.Ct. at 1094, the application for an arrest warrant was filed simultaneously with the felony complaint. Here, the application for the arrest warrant was filed with the information. There is little, if any, distinction.

**3.** Kalina also relies on *Lerwill v. Joslin*, 712 F.2d 435, 438 (10th Cir.1983). In *Lerwill*, 712 F.2d at 437, the Tenth Circuit granted a prosecutor absolute immunity because "[i]n seeking a warrant for ... arrest, [the prosecutor] was acting as an advocate for the State before a neutral magistrate." This case, however, predates *Malley*, *Burns* and *Buckley*.