Lloyd Dela CRUZ, Plaintiff–Appellant,

v.

KAUAI COUNTY; Melvin K. Soong,
Prosecuting Attorney for the Coun-
ty of Kauai, Defendants–Appellees.

No. 00–15065.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 16, 2001.

Filed Feb. 6, 2002.

**1066**

Arthur E. Ross, Honolulu, HI, for the plaintiff-appellant.

Blaine J. Kobayashi, Deputy County Attorney, and Laurel K.S. Loo, Deputy County Attorney, Lihue, HI, for the defendants-appellees.

Before: B. FLETCHER, CANBY, and PAEZ, Circuit Judges.

CANBY, Circuit Judge.

Plaintiff Lloyd Dela Cruz ("Dela Cruz") appeals a summary judgment in favor of a Hawaii prosecutor in an action alleging that the prosecutor violated Dela Cruz's constitutional rights by making false statements in an affidavit supporting a motion to revoke Dela Cruz's bail. The district court concluded that the Defendant, County of Kauai Prosecuting Attorney Michael Soong, was entitled to qualified immunity, and dismissed Dela Cruz's 42 U.S.C. § 1983 action. Because we agree that Soong is entitled to qualified immunity, we affirm the ruling of the district court.

***Factual Background***

In January of 1997, Dela Cruz was indicted by a grand jury for two state felony drug offenses. He was released on pretrial bail. On April 1, 1997, Soong filed a motion to revoke Dela Cruz's bail. In support of that motion, Soong submitted an affidavit in which he testified to information that he allegedly was given by Gina Perreira, a witness against Dela Cruz in the pending criminal matter. Dela Cruz alleges that Perreira is his ex-wife and that at the time she was involved in a bitter child custody dispute with Dela Cruz, all of which was known to Soong when Soong allegedly received the information from her. According to Soong's affidavit, Perreira informed Soong that Dela Cruz had assaulted and verbally threatened her, and made her fear for her life and the safety of her family.

The motion and supporting affidavit were presented to a Hawaii state judge in an *ex parte* proceeding, at which Dela Cruz was not present. After considering the moving papers, the judge issued a bench warrant for Dela Cruz's arrest. Dela Cruz subsequently turned himself in to law enforcement authorities and was incarcerated for eight days. He was released after his lawyer and Soong agreed to additional conditions to Dela Cruz's release on bail, including but not limited to a prohibition against any contact with Perreira.

Approximately two years later, Dela Cruz filed this action against Soong and the County of Kauai. Dela Cruz alleged that Soong had violated Dela Cruz's Fourth Amendment rights by submitting his affidavit personally attesting to statements that Perreira had made to Soong without reasonable investigation that would have revealed the statements to be false, thereby causing a warrant to issue for Dela Cruz's arrest. After Soong moved for summary judgment, the district

court granted his motion on the ground that Soong was entitled to qualified immunity.[1] This appeal followed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review a district court's summary judgment de novo. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir.2000) (en banc).

### *Discussion*

At issue in this appeal is whether Soong is entitled to immunity for his actions in appending to a bail revocation motion his own sworn affidavit reciting allegedly false and suspect allegations of a third person without investigation. The district court determined that, although Soong was not entitled to absolute immunity, he was entitled to qualified immunity. For the reasons discussed below, we agree with these conclusions.

### 1. Absolute Immunity

A prosecutor is absolutely immune from suits for damages arising from the performance of the traditional functions of an advocate. *Kalina v. Fletcher*, 522 U.S. 118, 131, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997); *Imbler v. Pachtman*, 424 U.S. 409, 424–25, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). When a prosecutor steps outside of the advocate's role, however, his or her conduct is protected by immunity only to the extent that any other individual would be protected in performing the same function. Immunity determinations thus rest on "the nature of the function performed, not the identity of the actor who performed it." *Kalina*, 522 U.S. at 127, 118 S.Ct. 502 (citations omitted); *Mishler v. Clift*, 191 F.3d 998, 1002 (9th Cir.1999).[2]

In this case, Prosecutor Soong is not entitled to absolute prosecutorial immunity for his conduct in swearing to facts in support of the bail revocation motion.[3] Soong lost that protection because he stepped outside of his prosecutorial role, and into the role of witness, when he personally attested to the truth of facts in the affidavit. *See Kalina*, 522 U.S. at 130, 118 S.Ct. 502 ("Testifying about facts is the function of the witness, not of the lawyer.").[4]

1. The district court granted summary judgment in favor of both the County and Soong. The County is not protected by Soong's qualified immunity. *See Owen v. City of Independence*, 445 U.S. 622, 638, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980). Dela Cruz has not, however, made any attempt in this appeal to support liability against the County. *See Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (providing for liability of local government body under § 1983 only when a custom or policy of that body was responsible for the violation of constitutional rights). Here, Dela Cruz challenges only the district court's immunity rulings regarding Soong.

2. One application of this rule is that prosecutors are entitled only to qualified immunity for performing "investigative" functions normally carried out by police officers. *Kalina*, 522 U.S. at 126–27, 118 S.Ct. 502; *Buckley v. Fitzsimmons*, 509 U.S. 259, 273–74, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993). Prosecutors

are not entitled to absolute immunity for this conduct because police officers themselves are not entitled to absolute immunity when engaged in "investigative" conduct. *Kalina*, 522 U.S. at 126–27, 118 S.Ct. 502.

3. Prosecutor Soong is entitled to absolute immunity for his decision to *file* the motion to revoke Dela Cruz's bail, however, because the decision to file a bail revocation motion is a traditional prosecutorial function. *See Pinaud v. County of Suffolk*, 52 F.3d 1139, 1149 (2d Cir.1995) (noting that "actions in connection with a bail application are best understood as components of the initiation and presentation of a prosecution, and therefore are protected by absolute immunity.").

4. Soong was not required to act as a witness; he could have submitted an affidavit from Perreira. The Hawaii statute enabling prosecutors—and prosecutors only—to file bail revocation motions does not prevent prosecutors from supporting these motions with the

Nor is Soong entitled to absolute immunity as a witness. It is true that the Supreme Court has held that a witness who testifies in a criminal trial is absolutely immune for damages resulting from the testimony. *Briscoe v. LaHue,* 460 U.S. 325, 326, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983). It is also true that, in this circuit, a person who functions as a witness in an *adversarial* proceeding to revoke a defendant's bail is to be accorded absolute immunity for her testimony, even if the witness's testimony is provided by way of affidavit. *Burns v. County of King,* 883 F.2d 819, 821–23 (9th Cir.1989). Had Soong performed either of these functions here, he would have been entitled to absolute witness immunity, in accordance with the principle that immunity determinations rest on "the nature of the function performed, not the identity of the actor who performed it." *Kalina,* 522 U.S. at 127, 118 S.Ct. 502.

In this case, however, Soong did not perform either of these functions. Instead, he functioned as a witness in an *ex parte* proceeding, at which Dela Cruz did not enjoy the protections of the adversary process.[5] Consequently, Soong's position was analogous to that of a "complaining witness" who makes statements in an affidavit submitted to a magistrate for the purpose of obtaining an arrest warrant. Because a "complaining witness" is not protected by absolute immunity in these circumstances, *Kalina,* 522 U.S. at 129–31, 118 S.Ct. 502; *Malley v. Briggs,* 475 U.S. 335, 340–41, 106 S.Ct. 1092, 89 L.Ed.2d 271

(1986), neither is Soong, under our functional approach to immunity determinations.

### 2. Qualified Immunity

The first inquiry that a court must address when ruling upon qualified immunity is whether a constitutional right was violated. *Saucier v. Katz,* 533 U.S. 194, 121 S.Ct. 2151, 2156, 150 L.Ed.2d 272 (2001). Viewing all of the facts in the light most favorable to Dela Cruz, we conclude that he has alleged a violation of his Fourth Amendment right to be free of unreasonable seizure. It is true that Dela Cruz was on pretrial bail at the time Soong caused him to be placed back in custody. But Dela Cruz alleges that he had complied with all conditions of his bail and had committed no other offense. Although we have been offered no case directly on point, we are satisfied that one who has been released on pretrial bail does not lose his or her Fourth Amendment right to be free of unreasonable seizures. The fact that a person on bail is subject to specified restraints cannot mean that he or she may be arbitrarily arrested on a false accusation. The usual rule must apply: a complaint that an officer knowingly filed a false affidavit to secure an arrest warrant states a claim under § 1983. *See Morley v. Walker,* 175 F.3d 756, 760 (9th Cir.1999).

Dela Cruz has neither alleged nor offered evidence that Soong knew that Perreira's allegations were false. Construing the complaint and evidence in the

sworn affidavits of other witnesses. *See* Haw. Rev.Stat. § 804–7.2 (2000). Indeed, our decision today renders it preferable that the prosecutor submit the witness's own affidavit when possible.

5. Indeed, Dela Cruz was not only unable to cross-examine Soong to the test the veracity of Soong's testimony, but Dela Cruz was also unable to present statements and witnesses of

his own to refute the statements made by Soong. *Cf. Burns,* 883 F.2d at 823 (extending absolute witness immunity to a person who testified in an affidavit, because most protections of the adversary process were available to the defendant). Dela Cruz has not challenged the *ex parte* process apart from the submission of Soong's affidavit, and we express no opinion concerning it.

light most favorable to Dela Cruz, however, we conclude that he has supported a claim that Soong submitted his affidavit in reckless disregard of its falsity. Soong knew that Perreira was potentially biased and had reasons to fabricate, but he conducted no investigation into the truth or falsity of her allegations. Liability under § 1983 on Fourth Amendment grounds can arise from reckless disregard of truth in a probable cause affidavit, as well as from deliberate falsehood. *See Mendocino Envtl. Ctr. v. Mendocino County,* 192 F.3d 1283, 1295 (9th Cir.1999). We conclude that Dela Cruz has presented a case, sufficient to survive summary judgment, that his Fourth Amendment rights were violated. *See id.*

The next step in evaluating the claim of qualified immunity, however, is to determine whether this right was "clearly established." *Saucier,* 121 S.Ct. at 2156. The right must be established at more than an abstract level; it "must have been 'clearly established' in a more particularized, and hence more relevant, sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). If the controlling law is not clearly established, an official cannot be liable, because "a reasonable person would not be expected to know how to structure his conduct to avoid liability." *Mendoza v. Block,* 27 F.3d 1357, 1361 (9th Cir.1994) (citations omitted); *see also Sweaney v. Ada County,* 119 F.3d 1385, 1392 (9th Cir. 1997). Under this standard, Soong is entitled to qualified immunity.

Dela Cruz has not met his burden of proving that the right allegedly violated here was "clearly established" at the time of the alleged violation. The right violated here, according to the complaint and evidence favorable to Dela Cruz, was the Fourth Amendment right not to have a prosecutor, in order to obtain a bail revocation, personally attest to a false statement of a biased source with no investigation of the statement's truth or falsity. Unfortunately for Dela Cruz, he has not cited any case that establishes such a right, nor is it self-evident. The situation is not one that appears to have been addressed, even tangentially, in the case law. It would not be "clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier,* 121 S.Ct. at 2156. The right asserted here accordingly was not "clearly established."

Although Dela Cruz relies on this Court's opinion in *Fletcher v. Kalina,* 93 F.3d 653 (9th Cir.1996), to support his contention that his rights were clearly established at the time of the alleged violation, this reliance is misplaced. *Fletcher* simply established that prosecutors acting as the functional equivalent of a complaining witness are not entitled to absolute immunity; *Fletcher* did not establish anything in the way of a right. The *Fletcher* court made this clear when it emphasized that the prosecutor in *Fletcher* "may be able to avoid liability by showing at trial that her conduct did not violate a clearly established right." *Fletcher,* 93 F.3d at 656.

Because there was no clearly established right at the time Soong acted, an objectively reasonable person in Soong's position could not have known that he may have been acting in violation of Dela Cruz's rights by appending his own affidavit reciting the complaint of a third person to the bail revocation application, without having investigated the truthfulness of the third party's assertions. Consequently, Prosecutor Soong is entitled to qualified

immunity. The decision of the district court is

**AFFIRMED.**