John DAVIDSON, Plaintiff—Appellant,

v.

Randy H. WAKEFIELD, in his individual and official capacity, Defendant,

and

Christine Metelski, detective in her individual and official capacity, Defendant—Appellee.

No. 04–15951.

D.C. No. CV–95–01571–FJM.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 9, 2006.*

Decided Jan. 18, 2006.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

John Davidson, Des Moines, IA, pro se.

Richard L. Strohm, Law Offices of Richard L. Strohm, Scottsdale, AZ, for Defendant.

William R. Jones, Randall H. Warner, Jones, Skelton & Hochuli, PLC, Andrea L. Kravets, Phoenix, AZ, Defendant–Appellee.

Before HUG, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

MEMORANDUM**

John Davidson appeals pro se from the district court's summary judgment in favor of defendants in his 42 U.S.C. § 1983 action alleging defendants conspired to wrongfully arrest him and subject him to trial. We have jurisdiction under 28 U.S.C. § 1291. We review de novo both a district court's dismissal for failure to state a claim and summary judgment. *Barnett v. Centoni,* 31 F.3d 813, 815–16 (9th Cir. 1994) (per curiam). We review for abuse of discretion the dismissal for failure to properly serve a defendant under Fed. R.Civ.P. 4., *Walker v. Sumner,* 14 F.3d 1415, 1422 (9th Cir.1994), and the "decision to reconsider an interlocutory order by another judge of the same court." *Delta Sav. Bank v. United States,* 265 F.3d 1017, 1027 (9th Cir.2001). We affirm.

The district court did not abuse its discretion by dismissing the action against the City of Phoenix without prejudice to refiling, because Davidson did not properly serve a summons and complaint on this defendant within 120 days. *See* Fed. R.Civ.P. 4(m); *Oyama v. Sheehan (In re Sheehan),* 253 F.3d 507, 511 (9th Cir.2001).

The district court properly dismissed Davidson's conspiracy claim because conclusory allegations are insufficient to state a claim for relief. *See Woodrum v. Woodward County,* 866 F.2d 1121, 1126 (9th Cir.1989).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

■ The district court properly concluded defendant Wakefield is entitled to absolute immunity for his role in seeking the indictment against Davidson. *See Milstein v. Cooley,* 257 F.3d 1004, 1012 (9th Cir.2001) ("Initiating a prosecution has consistently been identified as a function within the prosecutor's role as advocate.").

■ The district court also properly granted summary judgment in favor of defendant Metelski. Even if the evidence is read to support Davidson's claim that Metelski violated Davidson's constitutional rights by testifying to the grand jury with reckless disregard for the truth, she is entitled to qualified immunity because Davidson failed to establish the right allegedly violated here was "clearly established" at the time of the alleged violation. *See Cruz v. Kauai County,* 279 F.3d 1064, 1069 (9th Cir.2002) (holding "an objectively reasonable person in [defendant's] position could not have known that he may have been acting in violation of [plaintiff's] rights by appending his own affidavit reciting the complaint of a third person to the bail revocation application, without having investigated the truthfulness of the third party's assertions").

The district court did not abuse its discretion in denying Davidson's motion for reconsideration, *see Minnesota Mutual Life Ins. Co. v. Ensley,* 174 F.3d 977, 987 (9th Cir.1999), or his motion for recusal based on Judge Martone's adverse rulings, *see Kulas v. Flores,* 255 F.3d 780, 787 (9th Cir.2001).

The remaining contentions lack merit.

All pending motions are DENIED.

**AFFIRMED.**