George Thomas FRANKLIN,
Plaintiff—Appellant,

v.

Lenore TERR; Jim Fox; Elaine Tipton; Martin Murray; Robert Morse; Bryan Cassandro; John Cuneo, Sergeant; Kirk Barrett; San Mateo County, Defendants,

and

Eileen Franklin–Lipsker, Defendant—Appellee.

No. 03–17394.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 15, 2006.

Decided April 5, 2006.

Andrew C. Schwartz, Esq., Casper, Meadows, Schwartz, Walnut Creek, CA, for Plaintiff–Appellant.

James M. Wagstaffe, Esq., Kerr & Wagstaffe, San Francisco, CA, Peter J. Zomber, Esq., Los Angeles, CA, for Defendants.

Richard S. Diestel, Esq., Bledsoe Cathcart, et al, San Francisco, CA, for Defendant–Appellee.

Before: HALL, SILVERMAN, and GRABER, Circuit Judges.

## MEMORANDUM *

George Thomas Franklin appeals the district court's grant of summary judgment to Eileen Franklin–Lipsker on his 42 U.S.C. § 1983 claim. We affirm. Because the parties are familiar with the factual and procedural history of the case, we will not recount it here.

■ Franklin has failed to allege sufficient facts from which a trier of fact could

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

conclude that there was an agreement or meeting of the minds between Franklin–Lipsker and state actors to violate his constitutional rights. *See United Steelworkers of Am. v. Phelps Dodge Corp.,* 865 F.2d 1539, 1540–41 (9th Cir.1989). While there is perhaps sufficient evidence to show that Franklin–Lipsker perjured herself, or that there was a conspiracy between her and her sister, there is simply no "concrete evidence" of a conspiracy involving state actors. *Radcliffe v. Rainbow Constr. Co.,* 254 F.3d 772, 782 (9th Cir. 2001). Therefore, Franklin's claim must fail. The district court properly granted summary judgment for Franklin–Lipsker.

█ Furthermore, we hold that even if there were sufficient evidence of a conspiracy between Franklin–Lipsker and state actors, Franklin–Lipsker cannot be held liable because she is entitled to absolute witness immunity. *See Briscoe v. LaHue,* 460 U.S. 325, 326, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983). Franklin–Lipsker is not a complaining witness, defined as one "who makes statements in an affidavit submitted to a magistrate [judge] for the purpose of obtaining an arrest warrant." *Cruz v. Kauai County,* 279 F.3d 1064, 1068 (9th Cir.2002). Because Franklin–Lipsker is not a complaining witness, she is entitled to absolute witness immunity.

**AFFIRMED.**