**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JEFFREY J. MCCABE, | No. 08-17264 |
| Plaintiff - Appellant, | D.C. No. 1:03-cv-05298-OWW-SMS |
| v. | |
| PATRICK J. HART; RONALD L. CALHOUN; THE COUNTY OF KINGS CA., | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Oliver W. Wanger, District Judge, Presiding

Argued and Submitted December 3, 2009
San Francisco, California

Before: B. FLETCHER, THOMAS and N.R. SMITH, Circuit Judges.

Jeffrey J. McCabe appeals the district court's grant of summary judgment in

his 42 U.S.C. § 1983 action. We affirm. Because the parties are familiar with the

factual and procedural history of this case, we need not recount it here.

-----

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1

The district court correctly held that the claims founded on the filing of the complaint by prosecutor Hart were barred by the doctrine of absolute immunity. Absolute prosecutorial immunity covers "acts undertaken by a prosecutor in preparing . . . for trial," *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993), including "[f]iling charges and initiating prosecution." *Mishler v. Clift*, 191 F.3d 998, 1008 (9th Cir. 1999). McCabe argues that Hart acted outside the scope of absolute immunity when he (a) drafted a complaint charging McCabe with voluntary manslaughter; (b) verified the complaint upon information and belief; and (c) signed the complaint under penalty of perjury, even though he was not required to do so under California law.

However, our case law dictates otherwise. In *Mishler*, we held that absolute immunity covered a medical board secretary's act of signing a disciplinary complaint upon information and belief and under penalty of perjury to indicate his belief that the charged physician had committed the acts alleged. *Id.* at 1008-09. We concluded that "[t]he mere use of the terms 'under penalty of perjury' in the disciplinary complaint does not turn [the secretary] into a complaining witness." *Id.* at 1009. Accordingly, Hart's actions fall within the scope of absolute immunity.

The Supreme Court's holding in *Kalina v. Fletcher*, 522 U.S. 118 (1997), does not compel a different result. In *Kalina*, the Supreme Court held that absolute immunity did not shield a prosecutor who allegedly made "false statements of fact in an affidavit supporting an application for an arrest warrant." 522 U.S. at 120, 129-31; *see also Cruz v. Kauai County*, 279 F.3d 1064, 1067 (9th Cir. 2002) (denying absolute immunity to a prosecutor who "stepped . . . into the role of witness, when he personally attested to the truth of the facts in [an] affidavit"). However, the complaint in this case did not set forth any factual circumstances or testimony. In signing the complaint upon information and belief, Hart thus did not "personally attest[]" to any facts. *See Kalina*, 522 U.S. at 129-30.

II

The district court also properly dismissed McCabe's Fourth Amendment claims. When reviewing summary judgment rulings, "[w]e may affirm on any ground supported by the record." *Bleisner v. Commc'n Workers of Am.*, 464 F.3d 910, 913 (9th Cir. 2006). Assuming, without deciding, that a seizure occurred in this case, Hart was entitled to qualified immunity on the claim. Even if we were to construe language in *Karam v. City of Burbank*, 352 F.3d 1188, 1193 (9th Cir. 2003) and Justice Ginsburg's concurrence in *Albright v. Oliver*, 510 U.S. 266, 276-81 (1994) to hold that a seizure occurred by virtue of the filing of a felony

3

complaint–an issue we do not reach–Hart is still protected by qualified immunity. The contours of the holding in *Karam* are not entirely defined as to the significance, by itself, of the felony charge. Further, our sister circuits are not in accord. *Compare Gallo v. City of Phila.*, 161 F.3d 217, 222-24 & n.7 (3d Cir. 1998) *and Murphy v. Lynn*, 118 F.3d 938, 945 (2d Cir. 1997) *with Bielanski v. County of Kane*, 550 F.3d 632, 638-40 (7th Cir. 2008) *and Riley v. Dorton*, 115 F.3d 1159, 1162 (4th Cir. 1997).

A state actor is entitled to qualified immunity when the applicable constitutional law has not been clearly established. *Pearson v. Callahan*, 555 U.S. ----, ----, 129 S.Ct. 808, 822 (2009). Here, the status of law both in this Circuit and in others was not sufficiently clearly established at the time of the incident so as to put Hart on notice that the filing of a felony complaint alone might be construed as constituting a seizure. Therefore, although we decline to reach the question of whether a seizure occurred in this instance, qualified immunity affords Hart protection because the law was not clearly established.

**AFFIRMED.**