Earl MORLEY, an individual,
Plaintiff–Appellee,

v.

Egan WALKER, an individual,
Defendant–Appellant.

No. 97–16883.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 9, 1998.

Decided May 4, 1999.

Gregory R. Shannon, Richard Gammick, Reno, Nevada, for defendant-appellant.

Jeffrey A. Dickerson, Reno, Nevada, for plaintiff-appellee.

Before: HUG, Chief Judge, and FLETCHER and TROTT, Circuit Judges.

FLETCHER, Circuit Judge:

Egan Walker, a deputy district attorney for Washoe County, Nevada, appeals the

district court's denial of his motion to dismiss a civil rights action filed against him by Earl Morley, a pastor at the Temple Baptist Church in Nevada. In his § 1983 action, 42 U.S.C. § 1983, Morley alleged that Walker arrested him without probable cause and acted improperly at several points in the ensuing investigation. Walker claims that he is protected by absolute and qualified immunity. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. We agree with the district court that dismissal at the pleading stage is inappropriate.

## FACTUAL BACKGROUND and PRIOR PROCEEDINGS

Earl Morley ("Morley") is a pastor at the Temple Baptist Church in Nevada. Egan Walker ("Walker") is a deputy district attorney for Washoe County, Nevada. In April 1996, Walker prosecuted Ronald Carlton Large, Jr., ("Large") a resident of Sparks, Nevada. Large is an acquaintance of Morley's. Large was charged with several counts of lewdness with a child under the age of fourteen, indecent exposure, and possession of a controlled substance. Ultimately, Large pled guilty to the possession charge; a jury found him guilty on the remaining charges.

Pastor Morley visited Large several times in jail prior to Large's trial and acted as a witness in Large's trial. Morley is a neighbor of Large's child victims, and all of the victims attended either Bible study or Sunday services at Pastor Morley's church. At Large's trial, Morley testified that he had contacted the families of two of Large's child victims.[1] One victim claimed that Morley visited her home and called her a liar for her allegations against Large.

Morley was arrested on May 2, 1996, and charged with two counts of intimidating a witness in violation of NRS 199.240.[2] Walker's affidavit for an arrest warrant described the circumstances of Morley's involvement in Large's trial and the grounds for Morley's arrest. Specifically, Walker's affidavit alleged that Morley attempted to persuade one mother to tell her child to "tell the truth" and to agree to allow Large to plead guilty to lesser crimes, and pressured another family to speak to their daughter because Morley believed the 10–year old victim was lying about being molested by Large.

At a preliminary hearing, the Sparks Justice court determined that probable cause existed and bound Morley over for trial. Morley did not appeal this determination.

On January 27, 1997, Morley filed a § 1983 action against Walker alleging multiple civil rights violations. Specifically, Morley alleged that Walker "functioned out of personal animus;" executed an oath in support of an arrest warrant knowing that the warrant was unsupported by probable cause and that there was no evidence to support the elements of the charged crime; failed to present new, exculpatory evidence at the probable cause hearing; introduced testimony about Morley's contact with the child victims without reasonable investigation; improperly used statements that Morley made during his testimony in Large's trial; failed to dismiss the charges after learning new information that undermined the credibility of the alleged victims; and that his preliminary hearing did not provide a full and fair opportunity to litigate the issue of probable cause.

---

1. We offer no opinion on Morley's assertion that his testimony was a custodial interrogation obtained without a *Miranda* warning.

2. Under NRS 199.240, intimidating a witness to influence testimony occurs when a person "[g]ives, offers or promises directly or indirectly any compensation, gratuity or reward to any witness ... upon an agreement or understanding that his testimony will be thereby influenced" or "[u]ses any force, threat, intimidation or deception with the intent to ... [i]nfluence the testimony of any witness ..., [c]ause or induce [the witness] to give false testimony or withhold true testimony...."

Walker moved to dismiss the complaint, arguing that all of Morley's claims were barred by absolute or qualified immunity. The district court refused to dismiss the case, concluding that "[w]hether or not these functions [alleged in plaintiff's complaint] are traditionally prosecutorial, if they combine to raise [a] doubt regarding the existence of probable cause at the time the arrest warrant issued, plaintiff has stated a claim...." Walker timely appealed.

## STANDARD OF REVIEW

 We review de novo the district court's refusal to grant immunity at the pleading stage in a § 1983 action. *See Elder v. Holloway*, 510 U.S. 510, 516, 114 S.Ct. 1019, 127 L.Ed.2d 344 (1994). Although the denial of a 12(b)(6) motion is not ordinarily appealable, the denial of a claim for immunity is appealable before final judgment under the collateral order doctrine. *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985) (recognizing that immunity from suit is more than a mere defense to liability). To determine immunity, we must accept the allegations in the plaintiff's complaint as true. *Kalina v. Fletcher*, 522 U.S. 118, 118 S.Ct. 502, 505, 139 L.Ed.2d 471 (1997); *Buckley v. Fitzsimmons*, 509 U.S. 259, 261, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993). The official seeking immunity bears the burden of demonstrating that immunity attaches to a particular function. *Burns v. Reed*, 500 U.S. 478, 486, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991). A dismissal for failure to state a claim is appropriate only where it appears, beyond doubt, that the plaintiff can prove no set of facts that would entitle it to relief. *Johnson v. Knowles*, 113 F.3d 1114, 1117 (9th Cir.), *cert. denied*, —— U.S. ——, 118 S.Ct. 559, 139 L.Ed.2d 401 (1997); Fed R. Civ. P. 12(b)(6).

## ANALYSIS

Walker contends that § 1983 does not confer a damages remedy in this case be-

cause all of his actions are protected by absolute or qualified immunity. Under § 1983, any person may bring a claim against a government official who acts under color of state law to deprive that person of constitutional rights. 42 U.S.C. § 1983. Although § 1983 does not expressly provide a defense of official immunity, our courts have repeatedly recognized that absolute and qualified immunity shield certain types of official conduct from § 1983 actions. *See Kalina*, 118 S.Ct. at 505–10 (summarizing the doctrines of absolute and qualified immunity); *Buckley*, 509 U.S. at 268, 113 S.Ct. 2606; *Imbler v. Pachtman*, 424 U.S. 409, 417, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). We have also recognized that "policy considerations favor a liberal application of immunity." *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir.1986).

 Immunity, though granted liberally, is not impenetrable. *Imbler* cemented the notion that prosecutors are absolutely immune from suit when they function as advocates. 424 U.S. at 430–31, 96 S.Ct. 984. Prosecutors engaged in traditional prosecutorial functions, those activities "intimately associated with the judicial phase of the criminal process" are absolutely immune from suits under § 1983. *Id.* at 430, 96 S.Ct. 984. Investigatory or administrative functions, on the other hand, generate only qualified immunity. *Kalina*, 118 S.Ct. at 507. Thus, whether a prosecutor benefits from absolute or qualified immunity depends on which of the prosecutor's actions are challenged. *See id.* at 506–08. "[T]he official seeking absolute immunity bears the burden of showing that such immunity is justified for the function in question." *Burns v. Reed*, 500 U.S. 478, 486, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991). The policy considerations justifying absolute immunity reflect an "interest in protecting the proper functioning of the office, rather than the interest in protecting its occupant." *Kalina*, 118 S.Ct. at 507.

Walker contends that each of Morley's allegations, with the exception of the claim

alleging an arrest without probable cause, are traditional prosecutorial functions for which he is absolutely immune from suit. *See e.g., Ashelman,* 793 F.2d at 1078 (dismissing a § 1983 claim against a judge and prosecutor because of absolute immunity). Although conceding that only qualified immunity is available against the allegation that he arrested Morley without probable cause, Walker insists that dismissal at this stage is appropriate. We disagree.

■ Morley claims that Walker failed to present exculpatory evidence at the preliminary hearing, introduced testimony at the preliminary hearing without investigating its credibility, failed to dismiss the charges after learning new information, and used Morley's testimony at Large's trial to support the arrest warrant. Viewed in isolation, these separate claims all relate to prosecutorial activities for which courts have granted absolute immunity. *See e.g., Burns,* 500 U.S. at 490–92, 111 S.Ct. 1934 (prosecutor is absolutely immune for participation in a probable cause hearing); *Imbler,* 424 U.S. at 431, 96 S.Ct. 984 (absolute immunity for initiating a prosecution); *Roe v. City and County of San Francisco,* 109 F.3d 578, 583–84 (9th Cir.1997) (absolute immunity for decision to prosecute and for professional evaluation of a witness "even if that judgment is harsh, unfair or clouded by personal animus."). If Morley's complaint alleged only those improprieties, we would have no trouble dismissing the case on absolute immunity grounds. *See e.g., Imbler,* 424 U.S. at 410, 430–31, 96 S.Ct. 984. Here, however, Morley alleges more.

The essence of Morley's complaint is that Walker lacked probable cause to arrest him and that he knew it at the time he signed the affidavit for the arrest warrant. In *Kalina,* the Court rejected the prosecutor's argument that absolute immunity shielded the prosecutor's conduct in obtaining an arrest warrant.[3] *Kalina,* 118

S.Ct. at 509–10. Like the prosecutor in *Kalina,* Walker was acting as a witness in securing an arrest warrant for Morley. The parties do not disagree on this characterization. Such conduct falls outside the ambit of absolute immunity. Only qualified immunity is available.

■ Qualified immunity protects government officials performing discretionary functions where their conduct is objectively reasonable. *See Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *Malley v. Briggs,* 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986) ("As the qualified immunity defense has evolved, it provides ample protection to all but the plainly incompetent or those who knowingly violate the law."). *See also Herb Hallman Chevrolet, Inc. v. Nash–Holmes,* 169 F.3d 636 (9th Cir.1999)(affirming a grant of summary judgment to Washoe County prosecutors on the basis of absolute and qualified immunity). We have held that a plaintiff must make not only a substantial showing of deliberate falsehood or reckless disregard for the truth regarding an officer's statements in an affidavit for a warrant, but establish that "without the dishonestly included or omitted information," the warrant would not have issued. *Hervey v. Estes,* 65 F.3d 784, 788–89 (9th Cir.1995).

■ Walker argues that qualified immunity bars Morley's claim because a Nevada state court bound Morley over for trial after a probable cause hearing. That, according to Walker, establishes probable cause for Morley's arrest and negates a § 1983 claim for false arrest. Relying on *Haupt v. Dillard,* 17 F.3d 285 (9th Cir. 1994), which held that a probable cause determination at a preliminary hearing collaterally estopped the plaintiff from raising a § 1983 claim on that issue, Walker argues that Morley's claim is also precluded by collateral estoppel.

In *Haupt,* decided at the summary judgment stage, the court looked to Nevada

---

**3.** The Supreme Court decided *Kalina* after the district court in this case issued its decision. However, because the Court affirmed the

Ninth Circuit decision, it did not create new law.

law and determined that "the probable cause determination at Haupt's preliminary hearing, affirmed by denial of his petition for a writ of habeas corpus, was sufficiently conclusive of the issue to preclude its relitigation." *Id.* at 289. Walker insists that, here too, collateral estoppel bars Morley's claim. We disagree. *Haupt* recognized certain circumstances in which the outcome of a preliminary hearing might not properly determine whether probable cause existed at the time of arrest, thereby removing the preclusive effect of the preliminary hearing. According to *Haupt,* where additional evidence is discovered after the arrest but before the preliminary hearing "and that evidence is presented at the preliminary hearing, the probable cause determination at the hearing would not be conclusive as to whether there was probable cause to arrest." *Id.* at 289.

■ Walker contends that Morley cannot fit within this *Haupt* exception because he does not allege that new evidence was actually presented at the preliminary hearing; rather he alleges that evidence was withheld. That argument is unavailing at this stage. First, it is not objectively reasonable for a prosecutor deliberately or recklessly to misstate or omit facts material to the existence of probable cause. *Lombardi v. City of El Cajon,* 117 F.3d 1117, 1126 (9th Cir.1997). The parties dispute whether misstatements were made. Second, *Haupt* recognized that even though the plaintiff was later bound over for trial, there could be circumstances precluding collateral estoppel. Moreover, and more important, as the district court recognized, *Haupt* was decided on a summary judgment motion, not on a motion to dismiss. We are not equipped at this stage to determine whether qualified immunity will ultimately protect Walker. Those issues must be resolved at summary judgment or at trial.

## CONCLUSION

■ Our determination that qualified immunity *may* be available does not assist Walker at this stage. Walker filed a motion to dismiss, not a summary judgment motion. We must regard all of the allegations in Morley's complaint as true. Through that lens, the complaint withstands a motion to dismiss. On summary judgment, those allegations must be supported. *See Hervey,* 65 F.3d at 789 (a plaintiff "must establish both a substantial showing of the deliberate falsity or reckless disregard of the truth of the statements in the affidavit and the materiality of those statements to the ultimate determination of probable cause."). If the facts are genuinely in dispute, there must be a trial. Evidence of Walker's conduct, even though he may have absolute immunity for it, may come in at trial if relevant to proving his conduct in connection with securing the arrest warrant, conduct for which he has only qualified immunity. We offer no opinion on the merits. We simply hold that dismissal for failure to state a claim under 12(b)(6) is inappropriate.

AFFIRMED.