**Shawn GREENE, Plaintiff–Appellee,**

**v.**

**Cal A. TERHUNE; Suzan Hubbard, Defendants–Appellants.**

No. 99–17499.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 11, 2001.*

Decided Jan. 22, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before SNEED, GRABER, and PAEZ, Circuit Judges.

## MEMORANDUM **

Plaintiff Greene, while an inmate of the California Department of Corrections ("CDC"), filed this civil rights action under 42 U.S.C. § 1983 against Defendants Cal A. Terhune and Suzan Hubbard in their official and individual capacities. Plaintiff alleged that he is an active member of the Muslim faith and that, as part of his religious faith, he is required to wear a beard. He alleged that Defendants violated his First Amendment right to free exercise of religion when they adopted a grooming policy prohibiting inmates from wearing beards. Plaintiff sought monetary, declaratory, and injunctive relief. Defendants moved to dismiss the action asserting, among other things, that they were entitled to qualified immunity from any damage award. The district court denied them

qualified immunity, and Defendants appealed. We reverse.

■ We review de novo the district court's refusal to grant immunity on a motion to dismiss. *Morley v. Walker,* 175 F.3d 756, 759 (9th Cir.1999). Although the denial of a motion to dismiss is not ordinarily appealable, the denial of a claim for immunity is appealable before final judgment under the collateral order doctrine. *Id.* In reviewing Defendants' motion to dismiss, we must accept the allegations in the Plaintiff's complaint as true. *Id.*

■ State officials such as Defendants have qualified immunity from civil liability under § 1983 "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *Jensen v. City of Oxnard,* 145 F.3d 1078, 1085 (9th Cir.1998). "The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton,* 483 U.S. 635, 639, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987).

■ This court has previously held that a 1988 policy of the Arizona Department of Corrections that prohibited full or partial beards on inmates served a valid penological interest and thus did not violate the constitutional rights of two Orthodox Jewish inmates whose faith required them to wear a beard. *Friedman v. Arizona,* 912 F.2d 328 (9th Cir.1990). Regardless of how broadly one defines the underlying right, given our decision in *Friedman,* Defendants could have reasonably believed that the adoption of a no-beard policy would not violate an inmate's statutory or

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

constitutional rights. Thus, Defendants are entitled to qualified immunity.

■ Qualified immunity does not bar actions for declaratory or injunctive relief. *American Fire, Theft & Collision Managers, Inc. v. Gillespie*, 932 F.2d 816, 818 (9th Cir.1991). Accordingly, we REVERSE the district court's denial of Defendants' motion to dismiss only with regard to Plaintiff's claim for money damages against Defendants.

REVERSED and REMANDED.