**Ariel GORROMEO, Plaintiff–Appellee,**

**v.**

**Mark D. ZACHARES; Robert P. Goldberg, Esq., in their personal capacities only, Defendants–Appellants.**

No. 00–15659.

D.C. No. CV–99–00018–ARM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 16, 2001.

Decided Aug. 7, 2001.

Before B. FLETCHER, CANBY, and PAEZ, Circuit Judges.

## MEMORANDUM *

In this 42 U.S.C. § 1983 action, Plaintiff Ariel Gorromeo alleges in his complaint that Defendants Mark D. Zachares and Robert P. Goldberg violated his civil rights under the Fourth and Fourteenth Amendments by, among other things, arresting him without a warrant at his residence and detaining him for more than 48 hours without a probable cause hearing. Defendants filed a motion for judgment on the pleadings or, in the alternative, summary judgment, in which they alleged they were entitled to qualified immunity because their conduct was authorized by duly enacted statutes of the Commonwealth of the Northern Mariana Islands ("CNMI"). The district court denied their motion, and they filed this interlocutory appeal. We affirm.

### A. Jurisdiction

■ Although the denial of a motion for judgment on the pleadings is not ordinarily appealable, the denial of a claim for qualified immunity is appealable before final judgment under the collateral order doctrine.[1] *See Morley v. Walker,* 175 F.3d

756, 759 (9th Cir.1999). We reject Plaintiff's contention that we lack jurisdiction because Defendants did not file their notice of appeal within the 30–day period required by Fed. R.App. P. 4(a). Under Fed. R.App. P. 4(a)(4)(A), the 30–day period does not begin until after the district court has ruled on a timely motion to alter or amend the judgment under Fed. R.Civ.P. 59. The term "judgment" in this context encompasses both final judgments and appealable interlocutory orders. *Balla v. Idaho State Board of Corrections,* 869 F.2d 461, 466–67 (9th Cir.1989). Defendants filed a timely motion to reconsider pursuant to Local Rule 7.1(g), which is the functional equivalent of a motion to alter or amend a judgment under Fed.R.Civ.P. 59(e). *See Schroeder v. McDonald,* 55 F.3d 454, 459 (9th Cir.1995). Thus, the 30–day period for appealing the district court's denial of qualified immunity did not begin until the district court denied Defendants' timely motion to reconsider. Because Defendants filed their notice of appeal within 30 days of the district court's order, their appeal is timely, and we have jurisdiction over this appeal.

### B. Qualified Immunity

We review de novo the district court's refusal to grant qualified immunity at the pleading stage in a § 1983 action and must accept the allegations in the Plaintiff's complaint as true. *Morley,* 175 F.3d at 759.

■ Defendants do not argue on appeal that their alleged wrongful actions were constitutional. Rather, they assert that they are entitled to qualified immunity because they relied on statutes duly enacted

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. We lack jurisdiction, however, to review in an interlocutory appeal the district court's finding that the CNMI statutes upon which Defendants allegedly relied—3 N. Mar. I.Code §§ 4381(a), 4381(d), and 4442—are unconstitutional.

by the CNMI legislature, that had been in existence for a number of years, and whose constitutionality had never been questioned. We are not convinced that Defendants complied with the statutes upon which they stake their argument. However, even if we assume that they did, the long history of these statutes is insufficient, on its own, to warrant a grant of qualified immunity. Government officials are entitled to qualified immunity if they reasonably relied on a duly enacted statute (even if that statute is later held to be unconstitutional), but such immunity does not extend to "official conduct which is patently violative of fundamental constitutional principles." *Grossman v. City of Portland,* 33 F.3d 1200, 1209–10 (9th Cir. 1994). Here, Plaintiff alleges, drawing all reasonable inferences in his favor, that he was arrested at home without a warrant and without exigent circumstances. Such conduct is patently violative of the Fourth Amendment. *See Payton v. New York,* 445 U.S. 573, 590, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980). Plaintiff also alleges that he was detained after his warrantless arrest for more than 48 hours without a probable cause hearing. This, too, violates a basic Fourth Amendment right. *See County of Riverside v. McLaughlin,* 500 U.S. 44, 47, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991). Because Plaintiff alleges conduct that is patently violative of clearly established, fundamental constitutional rights, the district court did not err in denying qualified immunity, regardless of whether Defendants relied upon statutes that purportedly authorized their conduct.

AFFIRMED.