Kenley HINRICHS, a married
man, Plaintiff–Appellee,

v.

Connie VIETZ, individually,
Defendant–Appellant.

No. 00–35946.
D.C. No. CV–00–00046–EJL.

United States Court of Appeals,
Ninth Circuit.

Submitted July 9, 2001.*

Decided Sept. 4, 2001.

Before ALARCON, FERNANDEZ, and
TASHIMA, Circuit Judges.

MEMORANDUM **

Connie Vietz, a prosecuting attorney for
the County of Ada, Idaho, appeals from
the district court's denial of her summary
judgment motion based upon her claim of
qualified immunity. We reverse.

We have jurisdiction over this in-
terlocutory appeal and reverse because our
review of the record demonstrates that
there are no issues of material fact and
Vietz is entitled to immunity as a matter of
law. *See Schwenk v. Hartford,* 204 F.3d
1187, 1195 (9th Cir.2000); *Knox v. South-
west Airlines,* 124 F.3d 1103, 1106–07 (9th
Cir.1997). Of course, even where the dis-
trict court perceives a material dispute of
fact, the defendant can assert on appeal

---

* The panel unanimously finds this case suitable
for decision without oral argument. Fed.
R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
Ninth Circuit Rule 36–3.

that no material dispute really exists. *See Collins v. Jordan*, 110 F.3d 1363, 1370 (9th Cir.1996).

That is the case here. We start with the familiar proposition that when Vietz was performing her discretionary duties, qualified immunity attached unless "in the light of pre-existing law the unlawfulness" of her actions was "apparent." *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987). When a prosecutor, who is seeking a warrant, omits some information, she is still entitled to a grant of qualified immunity unless it is shown that the omission was material, that is that the warrant would not have issued had the information been included. *See Morley v. Walker*, 175 F.3d 756, 760 (9th Cir.1999); *Liston v. County of Riverside*, 120 F.3d 965, 973 (9th Cir. 1997). Here we have little doubt that the state magistrate judge could have issued the warrant, even if the error regarding the length of the pipe in question had been brought to his attention. There can be, no doubt that the complaining witness did fix the value of the pipe at the stated figure, regardless of any mistake in the police report regarding the exact length of the pipe.

More than that, there is no substantial showing that Vietz propounded a deliberate falsehood or acted in reckless disregard of the truth when she appeared before the magistrate judge and read the police report to him. Absent that showing, qualified immunity should have followed. *See Morley*, 175 F.3d at 760; *Liston*, 120 F.3d at 974; *Hervey v. Estes*, 65 F.3d 784, 788 (9th Cir.1995). Simply put, Vietz's failure to note the error in the police report when she read it to the magistrate judge has very little tendency to demonstrate that she knowingly or recklessly omitted information from her testimony.

Therefore, Vietz should not be put to the disruption and expense wrought by a trial. In fine, she is entitled to qualified immunity.

REVERSED.