**David Charles KELLER,**
**Plaintiff—Appellee,**

v.

**Dr. FAECHER; J. Battalino;**
**W.A. Duncan; R. Meyers,**
**Defendants—Appellants.**

No. 01–57179.
D.C. No. CV–00–00263–GAF.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 7, 2002.*

Decided Aug. 16, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**830**

Before T.G. NELSON, Senior Circuit Judge, and PAEZ and TALLMAN, Circuit Judges.

MEMORANDUM **

**I**

In this civil rights action under 42 U.S.C. § 1983, several California Depart-

ment of Corrections employees interlocutorily appeal the district court's order denying their motion for judgment on the pleadings on the ground of qualified immunity. We have jurisdiction under 28 U.S.C. § 1291. *See Mitchell v. Forsyth,* 472 U.S. 511, 528–30, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). We affirm in part the district court's order as to Appellant Faecher and affirm its determination regarding judicial notice. We reverse the district court's judgment as to Appellants Battalino, Duncan, and Meyers, and remand for entry of an order granting these Appellants qualified immunity.

**II**

We review the district court's denial of qualified immunity on a motion for judgment on the pleadings de novo. *See Morley v. Walker,* 175 F.3d 756, 759 (9th Cir. 1999).[1] In ruling on qualified immunity, we must consider whether, "[t]aken in the light most favorable to the party asserting the injury, [ ] the facts alleged show the officer's conduct violated a constitutional right" that is clearly established. *Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001); *see also Hope v. Pelzer,* —— U.S. ——, ——–——, 122 S.Ct. 2508, 2513–15, 153 L.Ed.2d 666, ——–—— (2002). "The relevant, disposi-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. In reviewing the district court's order denying Appellants' motion for judgment on the pleadings, we must accept as true all of the allegations contained in Keller's Fourth Amended Complaint, *see Hal Roach Studios, Inc. v. Richard Feiner & Co.,* 896 F.2d 1542, 1550 (9th Cir.1989), and may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions," *Branch v. Tunnell,* 14 F.3d 449, 453–54 (9th Cir.1994).

While Keller disagrees with Appellants over the content and meaning of the documents alleged in his Complaint (Dr. Faecher's diagnostic notes and the materials included in his administrative appeals), he does not question their authenticity. As such, we may consider these documents in evaluating the truth of Keller's allegations and are "not required to accept as true conclusory allegations which are contradicted by [those] documents." *Steckman v. Hart Brewing, Inc.,* 143 F.3d 1293, 1295 (9th Cir.1998).

tive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier*, 533 U.S. at 202.

### A. *Dr. Faecher*

■ Keller has failed to adequately allege facts demonstrating that Dr. Faecher denied, delayed, or intentionally interfered with his medical treatment in failing to provide a more thorough medical examination. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir.1990). A review of Dr. Faecher's diagnostic notes reveals that Dr. Faecher provided every service that Keller alleges was not provided during his examination. Further, while Dr. Faecher may not have sufficiently reviewed Keller's prior x-ray report or requested current x-rays, whether "an x-ray or additional diagnostic techniques or forms of treatment [are] indicated is . . . a matter for medical judgment" that does not subject a prisoner to cruel and unusual punishment in violation of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 107, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

■ Keller has, however, sufficiently alleged that Dr. Faecher acted with deliberate indifference by recommending the purchase of over-the-counter medication with the knowledge that Keller may have lacked the funds to make such a purchase. *Cf. Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 408 (9th Cir.1985) (absent allegation that prisoner cannot afford to pay medical fee, prison's policy of charging a fee for medical treatment did not constitute deliberate indifference). Further, it would be clear to a reasonable officer in Dr. Faecher's position that this alleged conduct, which resulted in the effective denial of medical treatment, was unlawful under clearly established law prohibiting the denial of medical treatment to

prisoners. *See Saucier*, 533 U.S. at 202; *see also Hope*, —— U.S. at ——, 122 S.Ct. at 2516. The district court therefore properly refused to grant qualified immunity to Appellant Faecher on a motion for judgment on the pleadings.

### B. *Battalino and Duncan*

■ Because Keller has failed to sufficiently allege that Dr. Faecher's examination resulted in the denial or delay of medical treatment sufficient to constitute deliberate indifference, he has not shown how Battalino and Duncan's denial of Keller's appeal regarding the same examination resulted in an Eighth Amendment violation. *See Estelle*, 429 U.S. at 107. Further, because Keller has failed to allege that Battalino and Duncan knew that he lacked funds in his inmate account to purchase such medication, their denial of Keller's appeal could not constitute deliberate indifference to a serious risk of harm, as they did not have subjective knowledge of that risk. *See Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). The district court therefore erred in refusing to grant qualified immunity to Battalino and Duncan.

### C. *Dr. Meyers*

■ Keller has also failed to establish a claim against Dr. Meyers. Keller has not alleged that Dr. Meyers was aware of Keller's claim that he lacked sufficient funds to purchase over-the-counter medication, or that Dr. Meyers was aware that Keller had relayed this information to Dr. Faecher. Thus, Dr. Meyers' failure to grant an appeal on this basis could not constitute deliberate indifference to a serious risk of harm since he did not have subjective knowledge of that risk. *See id.*

Further, the facts as alleged fail to support a claim for deliberate indifference

based on Dr. Meyers' denial of Keller's August 25, 1999, appeal because Dr. Meyers' action in this regard did not constitute a denial, delay, or intentional interference with medical treatment. *See Wood,* 900 F.2d at 1334. The plain language of Dr. Meyers' statement shows that he was not denying Keller a medical examination but simply explaining that the appropriate procedure for obtaining a medical examination was to sign up for sick call. Because Keller has not alleged that Dr. Meyers' "denial" impeded him from obtaining the examination he desired, the district court erred in refusing to grant Dr. Meyers qualified immunity.

### III

We review the district court's decision whether to take judicial notice for an abuse of discretion. *See Lee v. City of Los Angeles,* 250 F.3d 668, 689 (9th Cir.2001). Under Federal Rule of Evidence 201(b), a court may not take judicial notice of a fact that is "subject to reasonable dispute." Because the facts as alleged by Keller demonstrate a genuine issue of material fact as to the timing and availability of funds in Keller's inmate account during the period in question, the district court did not abuse its discretion in determining that judicial notice of these prison records was inappropriate.

Each party shall bear its own costs.

AFFIRMED IN PART, REVERSED IN PART, and REMANDED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.