**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| JULIANNE PANAGACOS; MALLORY HAGEL; STEPHANIE SNYDER; EMILY COX; KIM CHAPLIN; MOLLY PORTER; FIBIOLA ROMERO; ANDREA ROBBINS; JULIA GARFILED; ERAN RHODES; ELI EVANS; CHRIS GRANDE; DAVI RIOS; BRENDAN DUNN; GLENN CRESPO; JEFFREY BERRYHILL, | No. 11-35527<br><br>D.C. No. 3:10-cv-05018-RBL<br><br>MEMORANDUM* |
|      Plaintiffs - Appellees, | |
|   v. | |
| JOHN J TOWERY; CLINTON D COLVIN, | |
|      Defendants, | |
|   and | |
| THOMAS R RUDD, | |
|      Defendant - Appellant. | |

| | |
|---|---|
| JULIANNE PANAGACOS; MALLORY HAGEL; STEPHANIE SNYDER; EMILY | No. 11-35538 |

———————

\*     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

COX; KIM CHAPLIN; MOLLY PORTER; FIBIOLA ROMERO; ANDREA ROBBINS; JULIA GARFILED; ERAN RHODES; ELI EVANS; CHRIS GRANDE; DAVI RIOS; BRENDAN DUNN; GLENN CRESPO; JEFFREY BERRYHILL,

        Plaintiffs - Appellees,

  v.

JOHN J TOWERY,

        Defendant - Appellant,

  and

CLINTON D COLVIN; THOMAS R RUDD,

        Defendants.

D.C. No. 3:10-cv-05018-RBL

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted November 5, 2012
Seattle, Washington

Before:    W. FLETCHER and FISHER, Circuit Judges, and DEARIE, Senior District Judge.[**]

---

[**]    The Honorable Raymond J. Dearie, Senior United States District Judge for the Eastern District of New York, sitting by designation.

2

Defendants John Towery and Thomas Rudd appeal from the district court's partial denial of their motions to dismiss the plaintiffs' Third Amended Complaint ("TAC"). The district court granted defendants' motions to dismiss all claims against them in the first eight counts of the TAC. The ninth and last count alleged claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The district court dismissed the *Bivens* claims under the ninth count based on alleged violations of the Fifth, Sixth, and Fourteenth Amendments, but it refused to dismiss the First and Fourth Amendment claims. It rejected defendants' arguments — made for the first time after the filing of the TAC — that plaintiffs' First and Fourth Amendment allegations were not plausible and that defendants were entitled to qualified immunity. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo a district court's denial of qualified immunity on a Rule 12(b)(6) motion to dismiss. *Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). We must "assume all factual allegations are true and construe them in the light most favorable to the plaintiff." *Cervantes v. United States*, 330 F.3d 1186, 1187 (9th Cir. 2003). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted) (quoting *Bell*

3

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  To overcome qualified immunity, plaintiffs must allege that defendants violated plaintiffs' clearly established constitutional rights.  *Moss v. U.S. Secret Service*, 675 F.3d 1213, 1222 (9th Cir. 2012).

The TAC alleges that Towery infiltrated plaintiffs' peaceful anti-war protest group in order to spy on and disrupt plaintiffs' activities.  The TAC alleges, for example, that Towery identified plaintiffs to others in order to facilitate their arrest without probable cause.  Rudd allegedly directed Towery's efforts and compiled Towery's intelligence in reports that he disseminated to other government actors.  Both men allegedly coordinated with law-enforcement agencies to plan and implement strategies designed to silence the protestors.

The district court correctly determined that these allegations are plausibly supported by sufficient factual detail and must be presumed true.  *See Iqbal*, 556 U.S. at 678.  The TAC gives examples of specific times and places that Towery spied on plaintiffs' meetings.  It alleges that defendants met with specifically identified law-enforcement officers and agencies, and identifies specific time frames when these meetings occurred.  These factual allegations are sufficient to "give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  As the district court noted,

4

Towery and Rudd's direct involvement in information gathering and reporting distinguishes this case from *Iqbal*, where conclusory allegations about the high-level government defendants' involvement were "not entitled to be assumed true." *Iqbal*, 556 U.S. at 680–81.

Plaintiffs have pled a plausible violation of their clearly established First Amendment rights. Plaintiffs have alleged that defendants "deterred or chilled the plaintiff's political speech" and that such deterrence motivated defendants' conduct. *Mendocino Envtl. Ctr. v. Mendocino Cnty.*, 192 F.3d 1283, 1300 (9th Cir. 1999) (internal quotations and alterations omitted). As a result of defendants' information sharing and coordination with local law enforcement, plaintiffs were allegedly arrested without probable cause. These arrests allegedly disrupted plaintiffs' peaceful protests and deterred their political speech. The TAC's allegations also support a plausible inference that defendants were motivated by an impermissible intent to disrupt plaintiffs' speech activities. Given plaintiffs' strong anti-war message and defendants' alleged illegal actions in purposefully facilitating a campaign of false arrests, it is plausible that Towery and Rudd were motivated by a desire to silence the protesters and not just by a desire to protect military shipments. *See Starr*, 652 F.3d at 1216. Finally, it is clearly established that intentionally enabling arrests without probable cause in order to suppress

5

speech violates the First Amendment.  *See Beck v. City of Upland*, 527 F.3d 853, 863–64 (9th Cir. 2008)*; Mendocino Envtl. Ctr.*, 192 F.3d at 1300.

Plaintiffs have also pled plausible violations of their clearly established Fourth Amendment rights.  It is clearly established that facilitating arrests without probable cause violates the Fourth Amendment.  *See, e.g., Beck*, 527 F.3d at 863–64.  The district court also correctly determined that the TAC's allegations that Towery coordinated with local police to covertly break into a private listserve plausibly describe an unconstitutional search.

**AFFIRMED.**