**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JERRY VIERRA, | No. 14-15650 |
| Plaintiff-Appellee, | D.C. No. 4:13-cv-00771-DCB |
| v. | |
| JAMES ALDO NUTI, JR., Cochise County Deputy Sheriff in his official capacity; AMANDA NUTI; CAROL CAPAS; NICK CAPAS; ALISON HADFIELD; SCOTT HADFIELD; NATE TASCH; ERIN TASCH; SEAN REEVES GIJANTO; HEATHER GIJANTO; FOREST HAUSER; JOYCE HAUSER, | MEMORANDUM* |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Submitted July 22, 2016**
San Francisco, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

Before: GRABER and TALLMAN, Circuit Judges, and RAKOFF,*** Senior District Judge.

Defendants James Nuti, Amanda Nuti, Carol Capas, Nick Capas, Alison Hadfield, Scott Hadfield, Nate Tasch, Erin Tasch, Sean Gijanto, Heather Gijanto, Forest Hauser, and Joyce Hauser appeal the district court's denial of their motion to dismiss on the ground that they are entitled to qualified immunity. We affirm in part, reverse in part, and remand.

We review de novo a district court's denial of a motion to dismiss on the ground of immunity. Morley v. Walker, 175 F.3d 756, 759 (9th Cir. 1999). We accept the allegations in the complaint as true. Id. "[W]here the petitioner is *pro se*, particularly in civil rights cases, [we] construe the pleadings liberally and . . . afford the petitioner the benefit of any doubt." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (internal quotation marks omitted).

In his second amended complaint, Plaintiff alleges that Defendant James Nuti violated his rights through several actions, including: driving an SUV toward Plaintiff in a threatening manner; initiating a meritless manhunt in search of Plaintiff by falsely reporting that Plaintiff pointed a gun at him and, later, slightly changing his story to falsely report that Plaintiff had pointed a gun at the ground;

_____

*** The Honorable Jed S. Rakoff, United States Senior District Judge for the Southern District of New York, sitting by designation.

2

attacking Plaintiff on Highway 82; arresting Plaintiff without probable cause; pointing a gun at Plaintiff after he had been handcuffed and was lying on the floor; threatening Plaintiff that he had to leave Cochise County after he got out of jail; and, after Plaintiff was released from jail, submitting falsified reports to the prosecutor's office stating that Plaintiff had pointed a gun at the ground during their initial altercation.  Assuming, as we must, those allegations to be true, we conclude that Nuti is not entitled to qualified immunity as to Plaintiff's first, fifth, and eighth claims.

Because Plaintiff's first claim alleges physically intrusive governmental conduct, we review it under the "Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach." Graham v. Connor, 490 U.S. 386, 395 (1989).  Here, Nuti allegedly used significant force against Plaintiff though he allegedly knew that Plaintiff had committed only a minor infraction—walking on a fog line.  Using such force, assuming Plaintiff's allegations are true, was unreasonable by any measure, and the imbalance between the infraction and the use of force was so obvious that a reasonable officer in Nuti's shoes would have known that it was excessive.

Plaintiff's fifth claim alleges that Nuti unlawfully arrested Plaintiff even though he knew that Plaintiff had never pointed a gun at him or at the ground.

3

Taking the facts alleged in the complaint to be true, Nuti is not entitled to qualified immunity on this claim. See Dubner v. City of San Francisco, 266 F.3d 959, 964 (9th Cir. 2001) ("A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification."); cf. Awabdy v. City of Adelanto, 368 F.3d 1062, 1067 (9th Cir. 2004) ("Among the ways that a plaintiff can rebut a *prima facie* finding of probable cause is by showing that the criminal prosecution was induced by fraud, corruption, perjury, fabricated evidence, or other wrongful conduct undertaken in bad faith.").

Plaintiff's eighth claim alleges that Nuti unlawfully detained Plaintiff for 64.5 hours despite having fabricated all the evidence against Plaintiff. Taking the facts alleged in the complaint to be true, Nuti is not entitled to qualified immunity on this claim. See Lee v. City of Los Angeles, 250 F.3d 668, 684 (9th Cir. 2001) (holding that, even though the plaintiff was incarcerated for only one day before his extradition hearing, the complaint was sufficient to establish a due process violation at the pleadings stage because it alleged, among other things, that the defendants falsely arrested the plaintiff without probable cause and with deliberate indifference to the plaintiff's rights).

After careful consideration of all the remaining claims raised in Plaintiff's second amended complaint—and to the degree that any of Plaintiff's claims apply to any other Defendants—we hold that those Defendants are entitled to qualified immunity. We reverse the district court's decision relating to those remaining federal claims and remand with instructions to dismiss all claims as to all Defendants other than Nuti and to dismiss all claims as to Nuti, with the exception of Plaintiff's first, fifth, and eighth claims.[1]

**AFFIRMED in part; REVERSED in part and REMANDED with instructions.** The parties shall bear their own costs on appeal.

---

[1] This instruction to dismiss, of course, does not apply to Plaintiff's state-law slander and defamation claim, which Defendants concede we do not have jurisdiction to review. See Billington v. Smith, 292 F.3d 1177, 1191 (9th Cir. 2002) (holding that the court lacked jurisdiction over state-law tort claims on an interlocutory appeal from a denial of qualified immunity).