**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 14 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SILVIA LOPEZ, | No. 14-16640 |
| Plaintiff-Appellee, | D.C. No. 1:14-cv-00236-LJO-GSA |
| v. | |
| GENEVIEVE SHIROMA, an individual; et al., | MEMORANDUM* |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief Judge, Presiding

Argued and Submitted August 12, 2016
San Francisco, California

Before: HAWKINS and GRABER, Circuit Judges, and SELNA,** District Judge.

This interlocutory appeal arises from the denial of official immunity in plaintiff

Silvia Lopez's ("Lopez") labor dispute with defendants-appellants, officials of

California's Agricultural Labor Relations Board ("ALRB" or "Board"). An employee

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable James V. Selna, United States District Judge for the Central District of California, sitting by designation.

of Gerawan Farming, Inc., Lopez opposes its relationship with United Farm Workers of America ("UFW") and launched a representation election to decertify UFW as Gerawan employees' union representative. She alleges that certain decisions issued in the course of the decertification process served as a pretext to shield UFW from decertification and that defendants violated her due process and First Amendment rights. Lopez seeks damages as well as declaratory and injunctive relief pursuant to 42 U.S.C. § 1983.

The district court ruled that defendants lacked official immunity by denying their absolute immunity defense and declining to reach qualified immunity. Absolute and qualified immunity are questions of law reviewed de novo, based on the facts as the complaint presents them. *Padilla v. Yoo*, 678 F.3d 748, 757 (9th Cir. 2012); *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004). We have jurisdiction under 28 U.S.C. § 1291, *see Morley v. Walker*, 175 F.3d 756, 759-60 (9th Cir. 1999), and we affirm in part and reverse in part.

Lopez's claims stem from the Board's decision to impound ballots from the decertification election pending resolution of certain unfair labor practice complaints ("ULPs") and from purportedly unwarranted delays and interference on the part of the ALRB's Regional Director defendant Silas Shawver.

We affirm the district court's determination that defendants are not entitled to absolute immunity. Quasi-judicial immunity extends to non-judicial agents when such agents "perform official duties that are functionally comparable to those of judges, i.e., duties that involve the exercise of discretion in resolving disputes." *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 435 (1993). Similar to judges, prosecutors are shielded from damages actions that stem from conduct closely intertwined with the judicial process. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). When they are performing administrative or investigative functions, however, such immunity is not available. *Buckley v. Fitzsimmons*, 509 U.S. 259, 271-73 (1993). Thus, "the protection of absolute immunity reaches 'only those *actions* that are judicial or closely associated with the judicial process'"–even if the actors in question have, in other contexts, been deemed entitled to immunity. *Buckwalter v. Nev. Bd. of Med. Exam'rs*, 678 F.3d 737, 740 (9th Cir. 2012) (emphasis added) (quoting *Buckley*, 509 U.S. at 273).

On balance, the *Butz v. Economou*, 438 U.S. 478, 512 (1978), factors weigh against finding absolute immunity for the Board member defendants. Their disputed decision–the ballot impound–fell squarely within their administrative responsibilities to oversee representation elections, Cal. Lab. Code §§ 1142-1144, a role distinct from their quasi-judicial function of adjudicating ULPs, *id.* §§ 1160.2-.3, .8; 8 Cal. Code

3

Regs. §§ 20202, 20206, 20280-20287; *see Bud Antle, Inc. v. Barbosa*, 45 F.3d 1261, 1272 (9th Cir. 1995). The petitioner employees received no immediate opportunity to contest the decision, *cf. Buckwalter*, 678 F.3d at 741, and have instead been embroiled in separate litigation to air their grievances against the Board.

Shawver is likewise not entitled to absolute immunity. As a regional director, Shawver is vested by the Board with authority to investigate petitions, oversee representation elections, and investigate ULPs. 8 Cal. Code Regs. §§ 20216, 20290, 20350, 20385, 20390. Many types of decisions made by regional directors are appealable to the Board. *Id.* §§ 20219, 20393. A decision to deny an election petition on the ground that it lacks a sufficient number of signatures from eligible employees is, however, final. *Id.* § 20300. Although regional directors investigate ULPs, they report findings to the Board's General Counsel, who then decides whether to issue a formal complaint and pursue a case. *Id.* §§ 20216, 20222-20261.

Defendants are, however, entitled to qualified immunity. Although the district court found the defendants' footnote raising this alternative defense insufficient to decide its merits, the issue is fully briefed on appeal. Moreover, qualified immunity is a question of law that, here, does not depend on the factual record; it is thus within our discretion to take up in the first instance. *A-1 Ambulance Serv., Inc. v. Cty. of Monterey*, 90 F.3d 333, 338-39 (9th Cir. 1996). We take note that Lopez wishes to

4

amend her complaint below to plead additional facts. Yet, no amendment can cure

that the crux of her case lacks a clearly defined constitutional right. *See Babbitt v.*

*United Farm Workers Nat'l Union*, 442 U.S. 289, 313 (1979).

**AFFIRMED IN PART, REVERSED IN PART AND REMANDED.**

Each party shall bear their own costs on appeal.