5 F.3d 535
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Nathan BURGESS, Plaintiff-Appellant,
v.
CITY OF SAN FRANCISCO, et al.; Patricia Black; Carol
Roduit, Defendants-Appellees.
 No. 92-16551.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 1, 1993.*
Decided Sept. 13, 1993.
 
 Before: FLETCHER, POOLE, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Nathan Burgess appeals pro se the district court's dismissal for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) of his civil rights action. Burgess alleged that defendants deprived him of his constitutional rights by conspiring to deny him custody of his minor daughter, Nadja Burgess. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), and affirm.
 
 
 3
 * Background
 
 
 4
 In October 1990, Nadja Burgess reported to her mother, Lana Ewing, that her father had physically abused her. A hospital medical examination discoverd "minor bruises and abrasions" consistent with abuse. Ewing kept custody of Nadja and reported the abuse to the San Francisco Department of Social Services (DSS). DSS placed Nadja in a foster home and filed a petition in San Francisco Juvenile Court to determine custody of Nadja. All parties were provided with attorneys. After a hearing, Juvenile Court Commissioner Friedman found that Nadja had been abused by Burgess and made her a ward of the court.
 
 
 5
 Ewing retained custody of Nadja until July 1991, when Ewing informed the social worker assigned to the case that Ewing could not properly supervise Nadja because of her work schedule. DSS learned that Nadja was pregnant and petitioned to remove Nadja from Ewing's custody. A hearing was held before Commissioner Hewlitt, who determined that Nadja should be removed from Ewing's custody and placed in a foster home.
 
 
 6
 Burgess then filed a petition to regain custody of Nadja. Burgess was assisted by legal technician Richard Stypmann. In support of Burgess's petition, Nadja filed an affidavit recanting her previous allegation of abuse. A hearing was held before Juvenile Court Judge Donna Hitchins. Judge Hitchins ordered that Nadja continue in foster placement, both parents have visitation with Nadja, Nadja and Burgess begin therapy, and a home study be conducted to determine whether Nadja could be placed with Burgess.
 
 
 7
 Burgess then filed the instant civil rights complaint, naming the following defendants: Lana Ewing, Nadja's mother; Carol Roduit and Patricia Black, attorneys for Ewing and Nadja, respectively, in the juvenile court proceedings; Judge Hitchins, Commissioner Friedman, and Commissioner Hewlitt; Geraldine Rosen, counsel for DSS in the juvenile court proceedings; Mattie Geathers and Shari Baker, the social workers assigned to the case; Police Officer Hampton, who placed Nadja with Ewing after the initial allegation of abuse by Burgess; the City and County of San Francisco; San Francisco Department of Social Services; San Francisco Juvenile Court; and San Francisco General Hospital Institution Police Department. Burgess alleged that defendants violated 42 U.S.C. Secs. 1983 and 1985(3) by depriving him of his fifth, sixth, eighth and fourteenth amendment rights.[1]
 
 II
 Judicial and Prosecutorial Immunity
 
 8
 Judges are absolutely immune from section 1983 liability for damages for their judicial acts, "even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." Stump v. Sparkman, 435 U.S. 349, 356 (1978). An act is judicial when it is a function normally performed by a judge and the parties deal with the judge in his or her judicial capacity. Id. at 362. Court commissioners are entitled to absolute quasi-judicial immunity for their official duties which are an integral part of the judicial process. See Greater Los Angeles Council on Deafness v. Zolin, 812 F.2d 1103, 1108 (9th Cir.1987).
 
 
 9
 Here, Burgess failed to allege any facts indicating that the judicial defendants acted outside the scope of their judicial capacity or in the absence of jurisdiction. See Stump, 435 U.S. at 356; Zolin, 812 F.2d at 1108. Thus, the district court correctly found that Judge Hitchins, Commissioner Friedman, and Commissioner Hewlitt were absolutely immune from suit for damages.
 
 
 10
 Burgess also sought injunctive relief against the judicial defendants. Judicial immunity does not bar claims for injunctive relief in section 1983 actions. Pulliam v. Allen, 466 U.S. 522, 541-42 (1984); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986) (en banc). Where the injunctive relief requested would require the federal court to supervise ongoing state judicial proceedings, however, federal courts should refrain from issuing an injunction as a matter of comity. See Pulliam, 466 U.S. at 539; Younger v. Harris, 401 U.S. 37, 46 (1971). Here, Burgess requested declaratory and injunctive relief establishing his right to custody of and visitation with Nadja. The district court properly refused to grant this relief because it would require a federal court to intrude too far into state domestic relations proceedings. See Pulliam, 466 U.S. at 539.
 
 
 11
 Absolute prosecutorial immunity protects acts taken " 'in initiating a prosecution and in presenting the state's case.' " Ashelman, 793 F.2d at 1076 (quoting Imbler v. Pachtman, 424 U.S. 409, 431 (1976)). Prosecutorial immunity applies to attorneys who represent the government in civil litigation. See Fry v. Melaragno, 939 F.2d 832, 836-37 (9th Cir.1991). Absolute immunity also extends to social workers involved in the initiation, prosecution, and resolution of child neglect and deliquency petitions. Babcock v. Tyler, 884 F.2d 497, 501-02 (9th Cir.1989), cert. denied, 493 U.S. 1072 (1990); Coverdell v. Department of Social & Health Servs., 834 F.2d 758, 764 (9th Cir.1987); Meyers v. Contra Costa County Dep't of Social Servs., 812 F.2d 1154, 1157 (9th Cir.), cert. denied, 484 U.S. 829 (1987).
 
 
 12
 Here, the district court correctly found that Rosen, Geathers, and Baker were protected by absolute prosecutorial immunity because their roles were integral to the initiation and prosecution of the DSS petitions. See Fry, 939 F.2d at 836-37; Babcock, 884 F.2d at 501-02.
 
 III
 Private Actors
 
 13
 To state a section 1983 claim, the plaintiff must allege facts showing a person acting under color of state law deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or federal law. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir.1988). A private person may act under color of state law if he willfully participates in joint action with state officials to deprive others of their constitutional rights. Taylor v. List, 880 F.2d 1040, 1048 (9th Cir.1989). The private party must share the common objective of the conspiracy or enter into an agreement with the state actor. Id. Vague and conclusory allegations are not sufficient to support a claim for civil rights violations based on conspiracy. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.1982); Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir.1980) (per curiam).
 
 
 14
 Here, Black, Roduit, and Ewing are private parties and were not otherwise acting under color of state law. See Karim-Panahi, 839 F.2d at 624. Their use of state proceedings to resolve custody and visitation issues did not "cloak[ ] them[ ] with the authority of the state." See Fonda v. Gray, 707 F.2d 435, 438 (9th Cir.1983). Furthermore, Burgess failed to allege sufficient facts to support his claim that they conspired with state actors. See Taylor, 880 F.2d at 1048. Burgess merely made conclusory allegations that all the defendants conspired to deprive him of his custody and visitation rights. See Ivey, 673 F.2d at 268. Thus, the district court correctly dismissed the claims against Black, Roduit, and Ewing.
 
 IV
 Statute of Limitations
 
 15
 The statute of limitations for section 1983 actions is the state statute of limitations for personal injury actions. Wilson v. Garcia, 471 U.S. 261, 279 (1985). In California, this period is one year. Cal.Civ.Proc.Code Sec. 340(3).
 
 
 16
 Burgess alleged that when Nadja first reported that Burgess had abused her, Police Officer Hampton wrongfully allowed Ewing to retain custody of Nadja instead of placing Nadja in the custody of DSS. Burgess also alleged that Hampton was part of a general conspiracy to deprive Burgess of his constitutional rights regarding custody of Nadja. The only specific acts which Hampton allegedly committed took place on October 10-11, 1990. Burgess did not file this action until March 16, 1992, well after the one-year limitations period expired. Further, Burgess's vague and conclusory allegations that Hampton participated in a general conspiracy were not sufficient to bring the claims against Hampton within the statute of limitations because the cause of action runs separately from each overt action. See Gibson v. United States, 781 F.2d 1334, 1340 (9th Cir.1986), cert. denied, 479 U.S. 1054 (1987). Thus, the district court correctly found that Burgess's claims against Hampton were time-barred. See Cal.Civ.Proc.Code Sec. 340(3); Wilson, 471 U.S. at 279.
 
 V
 Government Defendants
 
 17
 The Eleventh Amendment bars suits for damages in federal court against the state and agencies or arms of the state. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 101 (1984); Pena v. Gardner, 976 F.2d 469, 472 (9th Cir.1992) (per curiam). The Eleventh Amendment does not bar suits for prospective injunctive relief, however. Pena, 976 F.2d at 473 n. 5.
 
 
 18
 Here, Burgess's claims for damages against the Juvenile Court are barred by the Eleventh Amendment because the Court is an arm of the state. See id.; Zolin, 812 F.2d at 1110. Further, the district court properly dismissed Burgess's claims for injunctive relief against the Juvenile Court for the reasons discussed in section II, above.
 
 
 19
 To state a claim against a municipal entity under section 1983, a plaintiff must allege that the constitutional violations are the result of official policy or practice. Monnell v. Department of Social Servs., 436 U.S. 658, 694 (1978). Because Burgess failed to allege that the alleged constitutional deprivations were the result of any official policy or practice, the district court properly dismissed Burgess's claims against the City of San Francisco, DSS, and the Hospital Police Department. See id.
 
 VI
 Leave To Amend
 
 20
 Burgess contends that the district court erred by not giving him notice of the deficiencies in his complaint and opportunity to amend. Before dismissing a complaint, the district court must give a pro se litigant an opportunity to amend, unless it is absolutely clear the complaint's deficiencies cannot be cured by amendment. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987). We review a district court's denial of leave to amend for abuse of discretion. Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir.1990).
 
 
 21
 Here, Burgess presented his request for leave to amend his complaint to the district court in his motion for reconsideration of the district court's dismissal of his complaint. The district court carefully analyzed whether leave to amend was appropriate and concluded that the deficiencies in Burgess's complaint could not be cured by amendment. We conclude that the district court did not abuse its discretion by denying Burgess leave to amend.[2] See id.
 
 
 22
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Burgess also filed a state court action alleging negligence. That action was removed to federal court and consolidated with the federal action. Upon dismissing the federal action, the district court remanded the state court action to state court
 Burgess does not appeal either the remand order or the dismissal of his section 1985(3) claim. Accordingly, we do not address these issues.
 
 
 [2]
 Burgess also claims that the Juvenile Court refused to allow Burgess to be represented by a legal technician and thus violated the thirteenth amendment and antitrust laws. Burgess also claims that Cal.Bus. & Prof.Code Sec. 6125, which regulates the practice of law in California, is unconstitutional. We have considered these arguments and find them to be meritless