**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

SARAH JEAN PATTERSON,
*Plaintiff-Appellant*,

v.

JAMES VAN ARSDEL, Personally,
*Defendant-Appellee.*

No. 15-35838

D.C. No.
3:14-cv-00501-BR

OPINION

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Argued and Submitted November 6, 2017
Portland, Oregon

Filed February 23, 2018

Before: Ferdinand F. Fernandez and William A. Fletcher,
Circuit Judges, and Jon S. Tigar,[*] District Judge.

Opinion by Judge W. Fletcher;
Dissent by Judge Fernandez

---

[*] The Honorable Jon S. Tigar, United States District Judge for the Northern District of California, sitting by designation.

## SUMMARY[**]

### Civil Rights

The panel reversed the district court's dismissal of a complaint in an action brought under 42 U.S.C § 1983 alleging that a pretrial release officer improperly procured a warrant for plaintiff's arrest in violation of her Fourth Amendment right against unreasonable seizures, and remanded.

The district court held that the defendant was entitled to absolute prosecutorial immunity for the defective arrest warrant. In reversing the district court, the panel stated that the determinative question for absolute immunity was whether defendant was engaged in prosecutorial advocacy. The panel noted that pursuant to Oregon law and the relevant procedures followed in the Yamhill County Circuit Court, defendant had not been delegated authority to make release decisions. Rather, he was authorized only to make recommendations to a judge. The panel held that given the similarities between defendant's role and those of a parole officer and a law enforcement officer, defendant's action in submitting a bare unsigned warrant to the judge should be seen as making a recommendation that the warrant be signed, just like a parole officer recommending revocation, as in *Swift v. California*, 384 F.3d 1184, 1193 (9th Cir. 2004), or like a police officer submitting documentation for an arrest warrant to a judge, as in *Malley v. Briggs*, 475 U.S. 335 (1986). The panel concluded that defendant was not entitled

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

to absolute prosecutorial immunity and remanded the case for further proceedings.

Dissenting, Judge Fernandez stated that the majority's determination that absolute prosecutorial immunity did not apply at all was waived by plaintiff. On the merits, Judge Fernandez stated that the panel should have adhered to the long established rule that once the court grants that the function in question is a prosecutorial function, it does not matter if the person performing that function lacks the title of "prosecutor." Accordingly, Judge Fernandez believed that the defendant in this case should have been accorded absolute immunity for procuring the warrant.

## COUNSEL

Leonard Randolph Berman (argued), Law Office of Leonard R. Berman, Portland, Oregon, for Plaintiff-Appellant.

Cecil Renich-Smith (argued), Senior Assistant Attorney General; Benjamin Gutman, Solicitor General; Ellen F. Rosenblum, Attorney General; Oregon Department of Justice, Salem, Oregon; for Defendant-Appellee.

**OPINION**

W. FLETCHER, Circuit Judge:

Sarah Patterson brought an action for damages under 42 U.S.C § 1983 against James Van Arsdel, the Release Assistance Officer for the Circuit Court of Yamhill County, Oregon. Patterson alleges that Van Arsdel improperly procured a warrant for her arrest in violation of her Fourth Amendment right against unreasonable seizures. The district court held that Van Arsdel was entitled to absolute prosecutorial immunity and dismissed with prejudice Patterson's second amended complaint. We reverse and remand for further proceedings.

## I. Background

This case is before us on a Rule 12(b)(6) motion to dismiss. Fed. R. Civ. P. 12(b)(6). The following facts are taken from Patterson's complaint, which we accept as true at this stage of the proceedings. *See Kalina v. Fletcher*, 522 U.S. 118, 122 (1997).

At all relevant times, James Van Arsdel was employed as the Yamhill County Circuit Court Release Assistance Officer. As part of his duties, Van Arsdel investigated and initiated revocation of pretrial release for criminal defendants who appeared to have violated the terms of their release agreements. The usual procedure was for Van Arsdel to recommend revocation either by placing a revocation form, along with an unsigned arrest warrant, in the courthouse mailbox for the judge responsible for such matters, or by giving these documents to the judge's judicial assistant. The revocation form was a combined motion, affidavit, and order

that the Release Assistance Officer filled out and signed under oath. The facts in the affidavit, if true, would support revocation and arrest. At the bottom of the form was an order revoking pretrial release, with a blank line for the judge's signature. Release Assistance Officers could also pursue revocation by presenting a revocation form and warrant in open court, but this procedure was not commonly used.

On January 30, 2012, Sarah Patterson was arrested on charges of theft and possession of a controlled substance. Patterson entered into a pretrial release agreement that required her to comply with all laws while on release. On March 17, 2012, while on pretrial release, Patterson was arrested on domestic violence charges. She posted bail and was released. On March 20, at Patterson's arraignment on the domestic violence charges, Van Arsdel moved in open court for a revocation of Patterson's pretrial release and for her arrest.

Judge Stone, the criminal-calendar duty judge, orally denied Van Arsdel's motion, noting that Patterson had already posted bail. The next day, Judge Stone signed the revocation form and wrote "Denied" on both the form and the arrest warrant.

Van Arsdel was visibly displeased with Judge Stone's oral ruling on March 20. Patterson's attorney, Mark Lawrence, had opposed Van Arsdel's revocation motions in the past, and had observed that Van Arsdel appeared to take denials of such motions personally, would appear "sullen and upset," and would refuse to greet Lawrence in court or in the hallway for a week afterwards.

Later on March 20, Van Arsdel provided to Judge Tichenor, another judge on the Circuit Court, an unsigned warrant for Patterson's arrest. He did not attach a revocation form, and did not disclose that Judge Stone had orally denied the revocation motion and arrest warrant earlier in the day. Judge Tichenor was not then assigned to the criminal duty roster. Only judges on the criminal duty roster were responsible for handling revocation matters.

Van Arsdel regularly socialized with Judge Tichenor outside of work, including "Saturday golf games and weekly Tuesday morning [B]ible study sessions." Van Arsdel's wife was Judge Tichenor's judicial assistant. Her typed or printed initials, "cv," appear on both the warrant denied by Judge Stone and the warrant later submitted to Judge Tichenor. Judge Tichenor signed the warrant on March 20.

On March 30, McMinnville police arrested and jailed Patterson pursuant to the warrant signed by Judge Tichenor. Patterson was released two days later, after Van Arsdel confirmed to a deputy that the arrest warrant was defective.

Patterson filed a 42 U.S.C. § 1983 action against Van Arsdel, arguing that he violated her Fourth Amendment right to be free from unreasonable seizures. Van Arsdel moved to dismiss the complaint, arguing that he was entitled to absolute prosecutorial immunity. The district court held that Van Arsdel was entitled to absolute immunity and dismissed Patterson's complaint with prejudice. Patterson timely appealed.

## II.  Standard of Review

We review de novo a district court's dismissal of a complaint under Rule 12(b)(6).  *Botello v. Gammick*, 413 F.3d 971, 975 (9th Cir. 2005).  "All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (internal quotation marks omitted).

## III.  Discussion

The sole question presented by this appeal is whether Van Arsdel is protected by absolute prosecutorial immunity. Officials are absolutely immune against suits under 42 U.S.C. § 1983 that arise from their performance of prosecutorial functions, even if the acts in question were committed in bad faith.  *Imbler v. Pachtman*, 424 U.S. 409, 422–29 (1976). Such immunity "is an extreme remedy, and it is justified only where 'any lesser degree of immunity could impair the judicial process itself.'" *Lacey v. Maricopa County*, 693 F.3d 896, 912 (9th Cir. 2012) (en banc) (quoting *Kalina*, 522 U.S. at 127).  The general presumption is that qualified immunity provides sufficient protection to officials. *Burns v. Reed*, 500 U.S. 478, 486–87 (1991).  An official seeking absolute immunity bears the burden of showing that such immunity is essential for the function in question. *Id.* at 486.

We take a functional approach when determining whether a given action is protected by prosecutorial immunity. Immunity flows from "the nature of the function performed, not the identity of the actor who performed it." *Kalina*, 522 U.S. at 127 (quoting *Forrester v. White*, 484 U.S. 219, 229 (1988)).  In applying this approach, we distinguish

between acts of advocacy, which are entitled to absolute immunity, and administrative and "police-type" investigative acts which are not. To qualify as advocacy, an act must be "intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 430. For such acts, absolute immunity furthers the doctrine's core goal of preventing retaliatory lawsuits that may impose "unique and intolerable" burdens upon prosecutors. *Id.* at 425–26. Actions classified as "advocacy" include initiating a prosecution and presenting the state's case, *Imbler*, 424 U.S. at 431, appearing at a probable cause hearing to support an application for a search warrant, *Burns*, 500 U.S. at 491, and preparing and filing a motion for an arrest warrant. *Kalina*, 522 U.S. at 129.

"When a prosecutor steps outside of the advocate's role," his or her conduct is protected only "to the extent that any other individual would be protected performing the same function." *Cruz v. Kauai County*, 279 F.3d 1064, 1067 (9th Cir. 2002). Prosecutors are protected by qualified, rather than absolute, immunity when they perform activities outside their core role as courtroom advocates. *See, e.g.*, *Burns*, 500 U.S. at 493 (qualified immunity for giving legal advice to police officers); *Kalina*, 522 U.S. at 130–31 (qualified immunity for attesting to facts in support of a search warrant).

The determinative question in this case is whether Van Arsdel was engaged in prosecutorial advocacy, and therefore protected by absolute immunity, when he provided Judge Tichenor the bare unsigned warrant for Patterson's arrest. Patterson argues that he was not. We agree.

While this court has not yet addressed the precise circumstances under which a pretrial release officer may be entitled to prosecutorial immunity, our precedents regarding

the official immunity of parole officers are instructive. Parole board members have absolute immunity for adjudicative actions and for other discretionary decisions related to the processing of parole applications. *Sellars v. Procunier*, 641 F.2d 1295, 1302–03 (9th Cir. 1981). However, parole officers, when responsible for investigating potential parole violations and submitting recommendations regarding revocation, have only qualified immunity. *Swift v. California*, 384 F.3d 1184, 1193 (9th Cir. 2004). *See also Mee v. Ortega*, 987 F.2d 423, 426–27 (10th Cir. 1992); *Nelson v. Balazic*, 802 F.2d 1077, 1079 (8th Cir. 1986); *Wilson v. Rackmill*, 878 F.2d 772, 776 (3d Cir. 1989). The rationale is that a parole officer in the latter category fulfills a function that is "more akin to a police officer seeking an arrest warrant, than to a prosecutor exercising quasi-judicial authority." *Swift*, 384 F.3d at 1193.

Further, in *Malley v. Briggs*, 475 U.S. 335 (1986), the Supreme Court considered whether a police officer was entitled to prosecutorial immunity in a § 1983 action for false arrest. The officer had presented a magistrate with felony complaints charging various individuals with violating controlled substance laws, with unsigned warrants, and with affidavits that did not establish probable cause. *Id.* at 338. The officer argued that he was entitled to absolute immunity because his actions were equivalent to those of "a prosecutor who asks a grand jury to indict a suspect." *Id.* at 341. The Court rejected the argument, holding that the officer's acts were "further removed from the judicial phase of criminal proceedings" and did not implicate the policy concerns that necessitate absolute immunity for prosecutorial functions. *Id.* at 342.

Because immunity depends on an official's function rather than his or her job title, *Kalina*, 522 U.S. at 127, we look to Van Arsdel's functions under Oregon law. Oregon Revised Statutes provide that Release Assistance Officers such as Van Arsdel "shall, except when impracticable, interview every person detained" and "verify release criteria information." ORS § 135.235(1)–(2). After conducting this investigation, Release Assistance Officers may submit formal recommendations to a judge, but may make release decisions only if "delegated release authority by the presiding circuit judge for the judicial district." ORS § 135.235(b)(3). Under the procedures followed in the Yamhill County Circuit Court, Van Arsdel had not been delegated authority to make "release decisions." Rather, Van Arsdel was authorized only to make recommendations to a judge.

Given the similarities between Van Arsdel's role and those of a parole officer and a law enforcement officer, we conclude that Van Arsdel's action in submitting the bare unsigned warrant to Judge Tichenor should be seen as making a recommendation that the warrant be signed, just like a parole officer recommending revocation, as in *Swift*, or like a police officer submitting documentation for an arrest warrant to a judge, as in *Malley*. Accordingly, Van Arsdel is not entitled to absolute immunity.

In arguing to the contrary, Van Arsdel relies on *Cruz v. Kauai County*, 279 F.3d 1064 (9th Cir. 2002). In *Cruz*, a prosecutor filed a motion to revoke a defendant's bail, attaching an affidavit in which he personally testified to facts supporting revocation. *Id.* at 1066. We held that the prosecutor was not entitled to absolute immunity because he "stepped outside of his prosecutorial role, and into the role of witness, when he personally attested to the truth of facts in

the affidavit." *Id.* at 1067. In a footnote, we wrote that the prosecutor would have been entitled to absolute immunity for the decision solely to *file* the revocation motion because such an action is "a traditional prosecutorial function." *Id.* at 1067 n.3 (citing *Pinaud v. County of Suffolk*, 52 F.3d 1139, 1149 (2d Cir. 1995)) (emphasis in original). Van Arsdel argues that his actions were functionally indistinguishable from that of a prosecutor who files a motion to revoke bail, as hypothesized in *Cruz*.

We are not persuaded. Van Arsdel never submitted a motion to Judge Tichenor. He had earlier presented a motion to Judge Stone. But the bare unsigned warrant he later provided to Judge Tichenor was not itself a motion. Nor was it accompanied by the Circuit Court's normal form motion, affidavit and proposed order.

We note that if Van Arsdel had filed an actual motion, he would not have been entitled to absolute prosecutorial immunity. Under Yamhill County Circuit Court procedures, a revocation motion must be accompanied by an affidavit in which a Release Assistance Officer such as Van Arsdel would have recited facts supporting the issuance of the warrant. It is settled law that an official may not receive absolute prosecutorial immunity for reciting facts in support of an arrest warrant. *Cruz*, 279 F.3d at 1068; *Kalina*, 522 U.S. at 129–31. If Van Arsdel were protected by absolute immunity for presenting a bare unsigned warrant, but would not be so protected if he had used proper procedures and had pursued revocation with a motion and supporting affidavit, the result would be anomalous.

Mindful of the Supreme Court's warning to avoid extending absolute immunity "further than its justification

would warrant," we hold that Van Arsdel is not entitled to absolute prosecutorial immunity. *Burns*, 500 U.S. at 487.

Conclusion

We reverse the district court's dismissal of Patterson's complaint. Because the district court resolved Van Arsdel's motion to dismiss only on the basis of absolute prosecutorial immunity, we remand for further proceedings.

**REVERSED** and **REMANDED.**

FERNANDEZ, Circuit Judge, dissenting:

Although I fully understand the majority's desire to offer Patterson relief from the alleged unconscionable actions of Van Arsdel, I cannot agree that we should make law out of these bad facts.

In the first place, Patterson did not argue the point which forms the foundation of the majority's opinion. She neither did so in the district court, nor in her brief, nor for that matter at oral argument. She admitted that Van Arsdel's duty of submitting applications for warrants to judges of the court for which he worked was a prosecutorial function, but argued that absolute immunity applies to courtroom activity only and that Van Arsdel had acted outside his jurisdiction when he submitted the warrant at hand outside of the courtroom. The majority's determination that absolute prosecutorial immunity does not apply at all was therefore waived by Patterson, and we should not rule on it at this time. *See Smith v. Marsh*,

194 F.3d 1045, 1052 (9th Cir. 1999); *Crawford v. Lungren*, 96 F.3d 380, 389 n.6 (9th Cir. 1996).

Secondly, if we do take up the merits, we should adhere to the long established rule that once we grant that the function in question is a prosecutorial function, it does not matter if the person performing that function lacks the title of "prosecutor." *See, e.g.*, *Miller v. Gammie*, 335 F.3d 889, 897 (9th Cir. 2003) (en banc); *Meyers v. Contra Costa Cty. Dep't of Soc. Servs.*, 812 F.2d 1154, 1157 (9th Cir. 1987); *see also KRL v. Moore*, 384 F.3d 1105, 1110–11 (9th Cir. 2004) (preparing and filing an arrest warrant is a prosecutorial function). In addition, even when the function is performed in a negligent or unreasonable or even intentionally wrong way, absolute immunity applies. *See Burns v. Reed*, 500 U.S. 478, 489–92, 111 S. Ct. 1934, 1940–42, 114 L. Ed. 2d 547 (1991) (knowing presentation of false testimony); *Imbler v. Pachtman*, 424 U.S. 409, 424–27, 96 S. Ct. 984, 992–93, 47 L. Ed. 2d 128 (1976) (malicious or dishonest actions); *McCarthy v. Mayo*, 827 F.2d 1310, 1315 (9th Cir. 1987) (filing criminal charges knowing them to be barred); *Ashelman v. Pope*, 793 F.2d 1072, 1075, 1078 (9th Cir. 1986) (en banc) (conspiracy with court to harm defendant). Again, I do agree that what Van Arsdel is alleged to have done falls within one of those categories. I do not agree, however, that we should undermine existing law for the purpose of righting Patterson's wrong and punishing Van Arsdel's alleged malversation. True, Patterson may be "without civil redress" even if she was "genuinely wronged," but in principle she must abide that evil to safeguard the overall "broader public interest." *Imbler*, 424 U.S. at 427, 96 S. Ct. at 993.

Thus I respectfully dissent.