**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAY 3 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL AMES, an individual, | No. 17-36040 |
| Plaintiff-Appellee, | D.C. No. 3:16-cv-05090-BHS |
| v. | |
| MARK LINDQUIST, individually and in his official capacity as Pierce County Prosecutor; CHELSEA LINDQUIST, a marital community, | MEMORANDUM* |
| Defendants-Appellants, | |
| and | |
| PIERCE COUNTY, a Municipal Corporation, | |
| Defendant. | |

| | |
|---|---|
| MICHAEL AMES, an individual, | No. 18-35013 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-05090-BHS |
| v. | |
| MARK LINDQUIST, individually and in his official capacity as Pierce County Prosecutor; CHELSEA LINDQUIST, a | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

marital community,

Defendants-Appellees,

and

PIERCE COUNTY, a Municipal
Corporation,

Defendant.

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted March 8, 2019
Seattle, Washington

Before: GOULD and PAEZ, Circuit Judges, and JACK,[**] District Judge.

Michael Ames is a former Pierce County Sheriff's Department Detective.
At all times relevant to this action, Mark Lindquist occupied the elected office of
Pierce County Prosecuting Attorney. Ames brought suit against Lindquist under
42 U.S.C. § 1983 for violations of the First and Fourteenth Amendments and under
Washington state law for abuse of process, defamation, false light, and outrage.

In December 2017, the district court granted in part and denied in part
Defendants' motion to dismiss. The district court concluded that Ames stated a

---

[**] The Honorable Janis Graham Jack, United States District Judge for
the Southern District of Texas, sitting by designation.

2

First Amendment retaliation claim against Pierce County and Lindquist, and that Lindquist was not entitled to absolute or qualified immunity. The district court granted Defendants' motion to dismiss the procedural due process and substantive due process claims. Lindquist appealed the denial of absolute and qualified immunity. The district court granted Ames's Federal Rule of Civil Procedure 54(b) motion and entered judgment in favor of Defendants on Ames's Fourteenth Amendment due process claims. Ames then cross-appealed the dismissal of the due process claims. We have jurisdiction under 28 U.S.C. § 1291 and we affirm the district court in Lindquist's appeal and reverse the district court in Ames's cross-appeal.

We review "de novo the decision of a district court to grant absolute or qualified immunity to a public official." *Lacey v. Maricopa Cty.*, 693 F.3d 896, 911 (9th Cir. 2012). "We review de novo a district court's dismissal of [claims] under Rule 12(b)(6)." *Patterson v. Van Arsdel*, 883 F.3d 826, 829 (9th Cir. 2018) (citation omitted). "All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Id.* (quoting *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009)).

1. Lindquist's Appeal

"State prosecutors are absolutely immune from § 1983 actions when performing functions 'intimately associated with the judicial phase of the criminal

process,' or, phrased differently, 'when performing the traditional functions of an advocate.'" *Garmon v. Cty. of L.A.*, 828 F.3d 837, 842–43 (9th Cir. 2016) (quoting *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997)). Prosecutorial immunity can extend "to attorneys who represent the government in civil litigation." *Burgess v. City of S.F.*, 5 F.3d 535 (9th Cir. 1993) (citing *Fry v. Melaragno*, 939 F.2d 832, 836–37 (9th Cir. 1991)). "Immunity attaches to 'the nature of the function performed, not the identity of the actor who performed it.'" *Lacey*, 693 F.3d at 912 (quoting *Kalina*, 522 U.S. at 127). The "official seeking absolute immunity bears the burden of showing that it is justified by the function in question." *Burns v. Reed*, 500 U.S. 478, 478 (1991).

"Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (citation omitted).

The district court concluded that Ames stated a claim for retaliation in violation of the First Amendment because Ames alleged (1) he "filed a civil case in state court seeking a name clearing hearing," (2) "Lindquist directed his subordinates to perjure themselves in that case to further discredit Ames," and (3) "Lindquist's conduct was motivated by Ames's attempts to clear his name because

4

Lindquist had benefited from publicly undermining Ames's credibility." This conclusion is not at issue in this interlocutory appeal. The thrust of Lindquist's challenge is to the district court's refusal to grant him either absolute or qualified immunity.

Lindquist argues that he is entitled to absolute prosecutorial immunity because he "deputized the Patterson firm" to handle the state civil case "on the County's behalf." Yet, in order to be entitled to prosecutorial immunity for the First Amendment retaliation claim, Ames must demonstrate that his alleged actions—directing his subordinates to file declarations in a state civil case—were part of his role "as an 'advocate for the State.'" *See Lacey*, 693 F.3d at 912 (quoting *Burns*, 500 U.S. at 486). Lindquist has not yet met his burden as he has not explained his role, if any, in the state civil litigation. Therefore, we affirm the district court's denial of absolute immunity for the First Amendment retaliation claim and state law claims.

We also affirm the district court's denial of qualified immunity. Ames alleged facts showing violations of a clearly established right. *See O'Brien v. Welty*, 818 F.3d 920, 936 (9th Cir. 2016) ("Retaliation for engaging in protected speech has long been prohibited by the First Amendment."). Denial of absolute and qualified immunity at this stage of the proceedings, however, does not mean that this case must go to trial. Lindquist is free to seek summary judgment on the

5

basis of absolute or qualified immunity once an evidentiary record has been developed through discovery. *See id.*

2. Ames's Cross-Appeal

Procedural Due Process

"The termination of a public employee which includes publication of stigmatizing charges triggers due process protections." *Mustafa v. Clark Cty. Sch. Dist.*, 157 F.3d 1169, 1179 (9th Cir. 1998) (citation omitted). "However, to take advantage of these protections, an employee must show that '(1) the accuracy of the charge is contested; (2) there is some public disclosure of the charge; and (3) the charge is made in connection with termination of employment.'" *Id.* (quoting *Matthews v. Harney Cty.*, 819 F.2d 889, 891–92 (9th Cir. 1987); *see also Ulrich v. City & Cty. of S.F.*, 308 F.3d 968, 982 (9th Cir. 2002). At this early stage, Ames has alleged sufficient facts demonstrating that Lindquist's alleged defamatory actions forced him out of his employment. *Ulrich*, 308 F.3d at 982. Therefore, we reverse the district court's dismissal of Ames's procedural due process claim.

Substantive Due Process

"A person has a liberty interest in employment protected by the Due Process Clause if the dismissal effectively precludes future work in the individual's chosen profession." *Braswell v. Shoreline Fire Dep't*, 622 F.3d 1099, 1102–03 (9th Cir. 2010) (internal quotation marks and citation omitted). This claim is limited "to

6

extreme cases, such as a government blacklist, which when circulated or otherwise publicized to prospective employers effectively excludes the blacklisted individual from his occupation, much as if the government had yanked the license of an individual in an occupation that requires licensure." *Engquist v. Oregon Dep't of Agric*, 478 F.3d 985, 997–98 (9th Cir. 2007) (internal quotation marks and citation omitted).

In his operative second amended complaint, Ames alleged that Lindquist's actions "made it impossible for [him] to work for Pierce County as a detective." He also alleged that his "public assassination" destroyed his "prospects of working as a computer forensic examiner for any other law enforcement agency and in the private sector." Thus, the district court erred in its conclusion that Ames failed to allege that Defendants' conduct made it impossible for him to find new employment in his chosen field. *See Braswell*, 622 F.3d at 1103 (noting that "deposition testimony that Plaintiff would not likely be hired as a paramedic by any other fire department because of his removal from the Shoreline paramedic position" raised "a triable issue of fact as to whether Plaintiff ha[d] suffered a deprivation of his liberty interest in pursuing his paramedical career"). We reverse the district court's dismissal of Ames's substantive due process claims.[1]

In No. 17-36040, the district court's order denying absolute and qualified

---

[1] Lindquist's motion to strike portions of Ames's reply brief is denied.

immunity is AFFIRMED. In No. 18-35013, the district court's order dismissing

Ames's procedural and substantive due process claims is REVERSED.