**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 11 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JERRY GEORGE WOOD, | No. 19-35791 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-00983-MJP |
| v. | |
| KEVIN YOUNG; et al., | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| DAN STITES, Captain; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Submitted August 4, 2020[**]
San Francisco, California

Before: THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit
Judges.

---

[*]   This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Jerry George Wood appeals the district court's denial of his motion for default judgment and grant of summary judgment in his § 1983 action. We have jurisdiction under U.S.C. § 1291 and affirm.

The district court's denial of Wood's motion for default judgment does not constitute a final order and is therefore not appealable. *See* 28 U.S.C. § 1291; *Bird v. Reese*, 875 F.2d 256, 256 (9th Cir. 1989) (order denying a motion for default judgment is not a final appealable order). We previously dismissed Wood's appeal of this very same order. *See Wood v. Young, et al.*, No. 19-35059 (9th Cir. Feb. 25, 2019).

We review de novo the district court's grant of summary judgment. *Branch Banking & Trust Co. v. D.M.S.I., LLC*, 871 F.3d 751, 759 (9th Cir. 2019). The district court properly granted summary judgment on Wood's access to courts claim, brought pursuant to the enforcement of an order of the Snohomish County Superior Court stating that Wood's "use of [the] telephone, visitation privileges, use of [the] library, and mail privileges are restricted to allow only contact with defense counsel and/or persons with their firm." Appellees Kevin Young, Daniel Young, Mirra Merkel, and Jacob Taylor, all Snohomish County Corrections employees, "are charged with executing facially valid court orders," and therefore "enjoy absolute immunity from § 1983 liability for conduct prescribed by those orders." *Engebretson v. Mahoney*, 724 F.3d 1034, 1042 (9th Cir. 2013).

Snohomish County Deputy Prosecuting Attorney Matthew Baldock, who Wood contends took part in issuing the order, similarly enjoys absolute immunity from Wood's claim. *See Patterson v. Van Arsdel*, 883 F.3d 826, 829–30 (9th Cir. 2018) (noting that prosecutors "are absolutely immune against suits under 42 U.S.C. § 1983 that arise from their performance of prosecutorial functions").

The district court also correctly granted summary judgment on Wood's conditions of confinement claim, stemming from his placement in a cell without a regular bed frame, table, or chair. As a pretrial detainee, Wood had "a substantive due process right against restrictions that amount to punishment," *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1160 (9th Cir. 2003) (citing *United States v. Salerno*, 481 U.S. 739, 746 (1987)), but "[r]estraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment," *Bell v. Wolfish*, 441 U.S. 520, 540 (1979). The district court noted that Wood's cell, on a restrictive unit, "did not normally contain a chair, desk, or table," and Wood's placement on the unit was effected "to prevent him from having contact with other inmates in light of the new allegations in his criminal case that he had attempted to solicit another inmate to kidnap and murder witnesses against him in his pending criminal case." Similarly, he was provided with a modified bedframe after being observed "slamming his bed frame against the door." Wood's housing assignment, and the

3

conditions he found there, were accordingly "reasonably related to the institution's interest in maintaining jail security." *Id.*

**AFFIRMED.**