NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 22 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SLOAN STANLEY; JACINTA STANLEY,

Plaintiffs - Appellants,

v.

COUNTY OF KING; RANDE
CHRISTIANSEN, Detective; NICHOLAS
MEYST, Detective; JASON
STOLT; GARY M. ERNSDORFF,
Prosecutor; CITY OF SEATTLE,

Defendants - Appellees.

No. 24-5558

D.C. No.
2:24-cv-00108-JCC

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Argued and Submitted August 12, 2025
Seattle, Washington

Before: HAWKINS, McKEOWN, and WARDLAW, Circuit Judges

Mother and son Sloan and Jacinta Stanley ("the Stanleys"), appeal the

dismissal of nine federal claims against the City of Seattle, King County (together

"Municipal Appellees"), Detectives Rande Christiansen, Jason Stolt, Nicholas

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Meyst, and prosecuting attorney Gary Ernsdorff (together "Individual Appellees"). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part and reverse in part.

"We review de novo a district court's dismissal of a complaint under Rule 12(b)(6)." *Patterson v. Van Arsdel*, 883 F.3d 826, 829 (9th Cir. 2018). "We review a decision by a district court to afford a public official or a municipality absolute or qualified immunity de novo." *Botello v. Gammick*, 413 F.3d 971, 975 (9th Cir. 2005) (collecting cases).

The Complaint alleges the probable cause certification "was built on false statements" which the Individual Appellees deliberately or recklessly failed to corroborate. Specifically, the Complaint points to alleged fabrications and Detective Christiansen's representation that Burleson lacked credibility. Accepting these allegations as true and viewing them in the light most favorable to the Stanleys, these false statements or omissions undermined the existence of probable cause in 2017. *See Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004) (reversing the district court's dismissal of a § 1983 claim where plaintiff had adequately alleged that his prosecution was based on false accusations). This is sufficient to state a violation of Mr. Stanley's constitutional rights under the color of state law by the Individual Appellees. *See* 42 U.S.C. § 1983. Accordingly, we reverse the district court's dismissal of claims 1, 2, and 4 –9 and remand for further proceedings.

The Complaint also sufficiently alleges that Prosecutor Ernsdorff is not entitled to absolute immunity for his alleged actions outside the traditional role of a prosecutor. Specifically, the Complaint alleges that Ernsdorff (1) questioned "snitches and other witnesses," (2) "shap[ed] the investigation," and (3) coached Detective Christiansen "to adeptly falsify his probable cause certification." *See Buckley v. Fitzsimmons*, 509 U.S. 259, 275–76 (1993) (participating in investigation); *Burns v. Reed*, 500 U.S. 478, 496 (1991) (providing legal advice to law enforcement); *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997) (executing probable cause certification). Therefore, the claims against Ernsdorff based on these alleged facts survive. However, where the Complaint alleges that Ernsdorff withheld *Brady* material, or solicited perjury from Burleson at trial, Ernsdorff is absolutely immune. *See Kalina*, 522 U.S. at 126.

The Complaint fails to plead adequately that either the Seattle Police Department or the King County Prosecutors office had an unconstitutional policy, practice, or custom. *See Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). Instead, the Complaint alleges only one incident, which "is insufficient to demonstrate a custom supporting *Monell* liability." *Benavidez v. County of San Diego*, 993 F.3d 1134, 1154 (9th Cir. 2021) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 824 (1985)). Insofar as the Complaint points to the King County policy on electronic surveillance, it alleges no facts as to why this policy is unconstitutional or how it

relates to the probable cause certification.  Therefore, we affirm the dismissal of the claims against the Municipal Appellees.

Because we reverse the dismissal of most of the Stanleys' federal claims, we also reverse the district court's dismissal of the state claims for lack of supplemental jurisdiction.

**AFFIRMED  in  part, REVERSED in  part,  and  REMANDED.   Each party shall bear its own costs on appeal.**